1  Susan D. Fahringer (CA Bar No. 162978)
   SFahringer@perkinscoie.com
2  Charles C. Sipos (Pro Hac Vice)
   CSipos@perkinscoie.com
3  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
4  Seattle, WA  98101-3099
   Telephone: (206) 359-8000
5  Facsimile:  (206) 359-9000

6  Sunita B. Bali (CA Bar No. 274108)
   SBali@perkinscoie.com
7  PERKINS COIE LLP
   4 Embarcadero Center, Suite 2400
8  San Francisco, CA 94111
   Telephone: (415) 344-7000
9  Facsimile:  (415) 344-7050

10 Attorneys for Defendants
   Google Inc. and Google Payment Corporation
11
   [additional counsel on signature page]
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16
   ALICE SVENSON, individually and on behalf        Case No. CV-13-04080-BLF
17 of all others similarly situated,
                                                     STIPULATED PROTECTIVE ORDER FOR
18                   Plaintiff,                      LITIGATION INVOLVING PATENTS,
                                                     HIGHLY SENSITIVE CONFIDENTIAL
19          v.                                       INFORMATION AND/OR TRADE
                                                     SECRETS
20 GOOGLE INC., a Delaware Corporation, and
   GOOGLE PAYMENT CORPORATION, a                     Judge:  Hon. Beth Labson Freeman
21 Delaware Corporation,
                                                      [Re:  Dkt. 81]
22                   Defendants.

23

24 1.      PURPOSES AND LIMITATIONS

25         Disclosure and discovery activity in this action are likely to involve production of confidential,

26 proprietary, or private information for which special protection from public disclosure and from use for

27 any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

28

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) to the extent consistent with applicable law.

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

STIPULATED PROTECTIVE ORDER
( CV-13-04080-BLF)

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party, which is subject to protection under Federal Rule of Civil Procedure 26(c) to the extent consistent with applicable law.

2.8 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record, and their support staffs.

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material produced or provided in this matter that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS'

STIPULATED PROTECTIVE ORDER
( CV-13-04080-BLF)

1  EYES ONLY," including any information copied or extracted therefrom or otherwise reflecting the

2  content of the Protected Material, in any form, which is otherwise not contained in other Disclosures or

3  Discovery Materials that have not been designated as "CONFIDENTIAL" or as "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY".

5      2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing

6  Party.

7  3.    SCOPE

8      The protections conferred by this Stipulation and Order cover not only Protected Material (as

9  defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

10  excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

11  presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

12  conferred by this Stipulation and Order do not cover the following information: (a) any information that is

13  in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

14  after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order,

15  including

16  becoming part of the public record through trial or otherwise; and (b) any information known to the

17  Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a

18  source who obtained the information lawfully and under no obligation of confidentiality to the Designating

19  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

20  4.    DURATION

21      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

22  shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

23  directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

24  action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

25  appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

26  motions or applications for extension of time pursuant to applicable law.  For a period of six months after

27  final disposition, the Court will retain jurisdiction to enforce the terms of this order.

28

5.      DESIGNATING PROTECTED MATERIAL

      5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

STIPULATED PROTECTIVE ORDER
( CV-13-04080-BLF)

1    A Party or Non-Party that makes original documents or materials available for inspection need not

2    designate them for protection until after the inspecting Party has indicated which material it would like

3    copied and produced. During the inspection and before the designation, all of the material made available

4    for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

5    inspecting Party has identified the documents it wants copied and produced, the Producing Party must

6    determine which documents, or portions thereof, qualify for protection under this Order. Then, before

7    producing the specified documents, the Producing Party must affix the appropriate legend

8    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ) to each page that

9    contains Protected Material. If only a portion or portions of the material on a page qualifies for protection,

10   the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

11   markings in the margins) and must specify, for each portion, the level of protection being asserted.

12   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

13   Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

14   testimony and specify the level of protection being asserted. When it is impractical to identify separately

15   each portion of testimony that is entitled to protection and it appears that substantial portions of the

16   testimony may qualify for protection, the Designating Party may invoke on the record (before the

17   deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the

18   final certified transcript,  to identify the specific portions of the testimony as to which protection is sought

19   and to specify the level of protection being asserted. Only those portions of the testimony that are

20   appropriately designated for protection within the 21 days shall be covered by the provisions of this

21   Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21

22   days after receipt of the final certified transcript, if that period is properly invoked, that the entire transcript

23   shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24   Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

25   proceeding to include Protected Material so that the other parties can ensure that only authorized

26   individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

27   at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

28

1  designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2          Transcripts containing Protected Material shall have an obvious legend on the title page that the

3  transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

4  line numbers as appropriate) that have been designated as Protected Material and the level of protection

5  being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

6  requirements.  If the Designating Party invokes its right, on the record (before the deposition, hearing, or

7  other proceeding is concluded), to have up to 21 days after receipt of the final certified transcript,  to

8  identify the specific portions of the testimony as to which protection is sought, prior to the expiration of

9  the 21-day period for designation, the entire transcript shall be treated as if it had been designated

10 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.

11 After the expiration of that period, the transcript shall be treated only as actually designated.

12         (c) for information produced in some form other than documentary and for any other tangible

13 items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

14 which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15 ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant

16 protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify

17 the level of protection being asserted.

18         5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to properly

19 designate qualified information or items does not waive the Designating Party's right to secure protection

20 under this Order for such material.  Within a reasonable time after discovering an inadvertent failure to

21 properly designate qualified information or items, the Designating Party shall provide written notice to the

22 Receiving Party, and shall furnish the Receiving Party with replacement pages with the appropriate

23 designation(s).  Upon timely correction of a designation, the Receiving Party must make reasonable efforts

24 to assure that the material is treated in accordance with the provisions of this Order, and shall return or

25 destroy the improperly designated material.

26 6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

27         6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

28

1   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

2   is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

3   disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

4   designation by electing not to mount a challenge promptly after the original designation is disclosed.

5          6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

6   providing written notice of each designation it is challenging and describing the basis for each challenge.

7   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

8   challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

9   Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

10  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

11  days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

12  belief that the confidentiality designation was not proper and must give the Designating Party an

13  opportunity to review the designated material, to reconsider the circumstances, and, if no change in

14  designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

15  the next stage of the challenge process only if it has engaged in this meet and confer process first or

16  establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

17  manner.

18         6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

19  they shall comply with the undersigned's Standing Order re Civil Discovery Disputes ("Standing Order")

20  as well as with Civil Local Rule 79-5, if applicable.  In each Discovery Dispute Joint Report ("DDJR"),

21  the parties must attest that they have complied with the meet and confer requirements imposed in the

22  preceding paragraph. Failure by the Designating Party to seek court intervention within the time period set

23  out in the Standing Order, Section D shall automatically waive the confidentiality designation for each

24  challenged designation. In addition, the Challenging Party may seek relief with respect to a confidentiality

25  designation at any time if there is good cause for doing so, including a challenge to the designation of a

26  deposition transcript or any portions thereof. In any DDJR brought pursuant to this provision the parties

27  must attest that they have complied with the meet and confer requirements imposed by the preceding

28

paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to seek relief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action (including support personnel), as well as independent contractors retained by said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party, or to the Receiving Party where the Receiving Party is an individual, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
( CV-13-04080-BLF)

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, its personnel, and the jury;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) any mediators or arbitrators and their respective personnel.

(i) any other person with the prior written consent of the Designating Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action (including support personnel), as well as independent contractors retained by said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3)

as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the court, its personnel, and the jury;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) any mediators or arbitrators and their respective personnel; and

(g) any other person with the prior written consent of the Designating Party.

7.4   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), and (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

(b) A Party that makes a request and provides the information specified in the preceding respective

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of

2    delivering the request, the Party receives a written objection from the Designating Party. Any such

3    objection must set forth in detail the grounds on which it is based.

4         (c) A Party that receives a timely written objection must meet and confer with the Designating

5    Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

6    of the written objection. If no agreement is reached, the parties may seek judicial relief pursuant to the

7    Standing Order (and in compliance with Civil Local Rule 79-5, if applicable) seeking relief to do so.  Any

8    DDJR must describe the circumstances with specificity, set forth in detail the reasons why the disclosure

9    to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest

10   any additional means that could be used to reduce that risk.  In addition, any such DDJR must describe the

11   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

12   discussions) and set forth the reasons advanced by the Designating Party for its refusal to approve the

13   disclosure.

14        In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of

15   proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs

16   the Receiving Party's need to disclose the Protected Material to its Expert.

17   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

18        LITIGATION

19        If a Party is served with a subpoena or a court order issued in other litigation that compels

20   disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

22        (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the

23   subpoena or court order;

24        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

25   litigation that some or all of the material covered by the subpoena or order is subject to this Protective

26   Order. Such notification shall include a copy of this Stipulated Protective Order; and

27        (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating

28   Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" . Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order

to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Nothing in this paragraph shall be construed to limit a Designating Party's rights or remedies relating to the unauthorized disclosure of its Protected Material, or any injury resulting therefrom.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, including the attorney-client privilege, the work product immunity, the common interest doctrine, or other privilege, doctrine, right or immunity (collectively, "Privilege"), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Neither the inadvertent production of material that is subject to a claim of Privilege, or the failure to promptly notify the Receiving Party of such claim, shall prejudice or otherwise constitute a waiver or estoppel of any such Privilege.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

1  modification by the court in the future.

2        12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

3  Party waives any right it otherwise would have to object to disclosing or producing any information or

4  item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right

5  to object on any ground to use in evidence of any of the material covered by this Protective Order.

6        12.3    Filing Protected Material. Without written permission from the Designating Party or a

7  court order secured after appropriate notice to all interested persons, a Party may not file in the public

8  record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

9  must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

10 court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

11 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is

12 privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving

13 Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the

14 court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

15 Rule 79-5(e)(2) unless otherwise instructed by the court.  A Receiving Party seeking to use Protected

16 Material at a public hearing shall give the Producing Party at least two (2) days' notice prior to the hearing

17 to allow the Receiving Party to request that the courtroom be sealed or take other steps to maintain the

18 confidentiality of the Protected Material.

19 15.    FINAL DISPOSITION

20        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

21 Receiving Party must, at the option of the Producing Party, either return all Protected Material to the

22 Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all

23 copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

24 Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

25 submit a written certification to the Producing Party (and, if not the same person or entity, to the

26 Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the

27 Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

28

1   any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

2   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

3   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

4   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

5   product, even if such materials contain Protected Material. Any such archival copies that contain or

6   constitute Protected Material remain subject to this Protective Order as set forth in Section 4

7   (DURATION).

8   16.    All disclosure and discovery disputes are subject to the Standing Order.

9          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11  DATED:  August 5, 2014                **PROGRESSIVE LAW GROUP**

12

13                                        By: */s/ Mark Bulgarelli*
                                          Mark Bulgarelli (pro hac vice)
14                                        markb@progressivelaw.com

15                                        Attorneys for Plaintiff
                                          Alice Svenson
16

17  DATED:  August 5, 2014                **PERKINS COIE LLP**

18

19                                        By: */s/ Susan Fahringer*
                                          Susan D. Fahringer, Bar No. 162978
                                          SFahringer@perkinscoie.com
20
                                          Attorneys for Defendants
21                                        Google Inc. and Google Payment Corporation

22

23  PURSUANT TO STIPULATION, IT IS SO **ORDERED.**

24  DATED: _____August 6, 2014_____   _____

25                                        Howard R. Lloyd
                                          United States Magistrate Judge
26

27

28

                                          -16-    STIPULATED PROTECTIVE ORDER
                                                   ( CV-13-04080-BLF)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Alice Svenson v. Google Inc. and Google Payment Corporation*, Case No. CV-13-04080-EJD . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that non-inadvertent failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]