| | | |
|---|---|---|
| 1 | Elizabeth Roberson-Young (*Pro Hac Vice*) | Susan D. Fahringer (CA Bar No. 162978) |
| 2 | Mark Bulgarelli (*Pro Hac Vice*) | SFahringer@perkinscoie.com |
|   | Progressive Law Group LLC | Charles C. Sipos (*Pro Hac Vice*) |
| 3 | 1 N. LaSalle Street, Suite 2255 | CSipos@perkinscoie.com |
|   | Chicago, IL 60602 | PERKINS COIE LLP |
| 4 | Tel: 312-787-2717 | 1201 Third Avenue, Suite 4900 |
|   | Fax: 888-574-9038 | Seattle, WA 98101-3099 |
| 5 | liza@progressivelaw.com | Telephone: (206) 359-8000 |
|   | markb@progressivelaw.com | Facsimile: (206) 359-9000 |
| 6 | | *Attorneys for Defendants* |
|   | | *Google Inc. and Google Payment* |
| 7 | Frank Jablonski (*Pro Hac Vice*) | *Corporation* |

Elizabeth Roberson-Young (*Pro Hac Vice*)
Mark Bulgarelli (*Pro Hac Vice*)
Progressive Law Group LLC
1 N. LaSalle Street, Suite 2255
Chicago, IL 60602
Tel: 312-787-2717
Fax: 888-574-9038
liza@progressivelaw.com
markb@progressivelaw.com

Frank Jablonski (*Pro Hac Vice*)
Progressive Law Group LLC
354 West Main Street
Madison, WI 53703
Phone 608-258-8511
Fax: 608-442-9494
frankj@progressivelaw.com
*Attorneys for Plaintiff Alice C. Svenson*

Susan D. Fahringer (CA Bar No. 162978)
SFahringer@perkinscoie.com
Charles C. Sipos (*Pro Hac Vice*)
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
*Attorneys for Defendants*
*Google Inc. and Google Payment Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation, and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. CV-13-04080-BLF<br><br>JUDGE: HOWARD LLOYD<br><br>**DISCOVERY DISPUTE JOINT REPORT #1: DEFENDANTS' CLASS CERTIFICATION OBJECTION TO PLAINTIFF'S FIRST DISCOVERY REQUESTS**<br><br>**Dates of In-Person Meetings:**<br>• October 17, 2014: 5 hours<br>• October 30, 2014: 3 hours<br><br>**Other relevant dates:**<br>• May 7, 2014: Case Management Hearing<br>• September 5, 2014: Defendants Moved to Vacate Scheduling Order and Stay Discovery<br>• January 15, 2015: Hearing on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint<br>• Case schedule has been vacated; no date is set for the close of discovery |

The parties, by and through undersigned counsel, submit this Discovery Dispute Joint Report # 1 ("Joint Report") and each attest that they have complied with the Court's Standing Order Re: Civil Discovery Disputes.

## I. JOINT STATEMENT

Defendants have responded to discovery requests, totaling 16 interrogatories, 52 requests for production and 78 requests for admission to each Defendant. Defendants have objected to 36 of these requests on the grounds that the queries seek "information that is beyond the scope of the issues that the parties and the court must address in connection with class certification." Plaintiff seeks an order requiring Defendants to provide responsive answers and materials they have withheld under this objection. Lead counsel for the parties have met and conferred in person on this issue and agree they have reached impasse as discussed in their respective statements of position.

## II. PARTIES' POSITIONS

**A.    Plaintiff Alice Svenson**

Plaintiff brings this class-action suit on behalf of herself and other users of Defendants' online mobile application market, Google Play, and payment-processing service, Google Wallet, whose private information was allegedly disclosed to third-party App vendors without authorization and in violation of both applicable law and Defendants' own terms of use. Plaintiff has propounded discovery requests, 36 of which Defendants object to on the theory that they are not required to provide merits discovery without a showing of its relevance to class certification.[1] However, neither the Court's existing discovery orders nor governing law support bifurcation of merits and class-certification discovery in this case.

In March 2014, Judge Davila denied Defendants' initial motion to stay discovery and instead ordered that the parties "comply with the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure unless these limits are modified by stipulation of the parties or order of the court." Dkt. 57 at 1-2. The Rules do not presumptively separate merits and

---

[1] Defendants' other objections to Plaintiff's discovery requests are beyond the scope of this Joint Report. *See* Standing Order Re: Civil Discovery Disputes, § II(D)(ii).

certification discovery, and thus Judge Davila's order does not contemplate any discovery limitations.

After this case was reassigned to Judge Freeman, the Court specifically addressed the question of bifurcation. At the beginning of the case management conference held on May 7, 2014, the Court recognized that Judge Davila had not bifurcated discovery. Dkt. 69 at 5:7-13. Explaining her perspective later in the hearing, Judge Freeman said:

> Well, I generally don't think that a strict bifurcation of class discovery from merits discovery is beneficial to the Court in deciding class certification, because although I don't make a merit's ruling on class certification, I do have to do some level of merits review to evaluate the class certification issues. And so, the strict bifurcation, I think ties both of your hands behind your back, but probably the Plaintiff has a very difficult time, without access to some of the merits discovery, in defending that – those issues on the merits.

*Id.* at 9:1-10. Defendants' counsel further argued the issue, stating that discovery should be limited to "focus the parties efforts, and also frankly to avoid discovery being used as leverage in connection with settlement discussions." *Id.* at 9:21-23. However, Judge Freeman responded:

> I wish I had a way of preventing that, but it's very hard to know when one propounds discovery, what it will produce and whether it will be relevant to the class certification or not. And, unfortunately for a plaintiff in filing a class certification motion, the counsel lives and waits in fear as to what evidence will be submitted from your Defendant's vast warehouse of information that was not obtained in discovery.

*Id.* at 9:24-10:6. Judge Freeman also indicated that she hoped that the parties might be able to "defer certain discovery" through a meet-and-confer process, and suggested that Defendants might alleviate some of the discovery burden by representations or by agreeing not to use particular categories of information to defend against class certification. *Id.* at 10:7-15. Judge Freeman indicated, however, with respect to this aspiration, "But I can't make any ruling on it, I can only suggest it." *Id.* at 10:15-16. Merits discovery is thus allowed under the Court's current rulings.

Judge Freeman's position is well supported. As *The Manual for Complex Litigation* recognizes, "information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification

1 practice emphasizes." *Manual for Complex Litigation* § 21.14 (4th ed. 2004); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) (acknowledging clear overlap between merits and class determination); *Lindell v. Synthes USA*, No. 1: 11-cv-02053-LJO-BAM, 2013 U.S. Dist. LEXIS 85636, *18-19 (E.D. Cal. June 18, 2013) (holding that *Dukes* requires trial courts "to apply a liberal approach in conducting class discovery" where class certification and merits issues overlap); *Yingling v. ebay, Inc.,* No. C 09-01733 JW (PVT), 2010 U.S. Dist. LEXIS 12800, *9 (N.D. Cal. Jan. 29, 2010) (bifurcation was inappropriate where discovery related both to the merits of the action and to class certification); *Ho v. Ernst & Young, LLP*, No. C05-04867 JF (HRL), 2007 U.S. Dist. LEXIS 37700, *3 (N.D. Cal. May 9, 2007) ("discovery can certainly be relevant both to class certification issues and to the merits"). Because "[d]iscovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation," bifurcation would only generate delay and inefficiency in this case. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990).

While the Court's ruling declining to bifurcate makes it clear that Plaintiff is entitled to comprehensive discovery answers regardless whether her requests go to the merits of the case or not, Defendants object to numerous requests encompassing information relevant to both merits and class certification. These include, among others, the total number of Wallet buyers whose information was disclosed to third-party vendors, Ex. 3, Interrogatory No. 13; the top ten third-party vendors who received private information, Ex. 3, Interrogatory No. 14; the percentage Defendants retain from each App's purchase price, Ex. 3, Interrogatory No. 15; documents related to Defendants' decision to disclose user information to third-party vendors, Ex. 5, Requests No. 1 and 2; documents related to inquiries or complaints Defendants received regarding their practice of disclosing user information, Ex. 5, Request Nos. 5 and 6; and documents showing any changes to Defendants' privacy policies, Ex. 5, Request No. 10.[2] The overlap between merits and class certification evident from these requests is an additional reason against bifurcation.

---

[2] Although the exhibits attached to this Joint Report incorporate discovery responses amended by Defendants as of November 13, 2014, the portions relevant to the bifurcation dispute

Neither the governing rules and rulings (which allow for merits discovery) nor the process suggested by the court (which allows Defendants to avoid some discovery through alternatives such as representations and agreements) require Plaintiff to convince Defendants that the merits discovery sought is linked to class issues in a way that Defendants will accept or recognize. Instead, the process endorsed by the Court allows for Defendants to show Plaintiff how propounded merits discovery can be rendered unnecessary or unimportant at this stage through representations, agreements, partial discovery, or the like. The single representation Defendants have made is that they will not dispute numerosity; this, however, would have been entirely untenable anyway, so the representation does not reduce Plaintiff's discovery needs.

The Court's suggestion that the parties resolve this issue through a meet-and-confer process is consistent with Plaintiff's counsel's ordinary practice. The volume of materials typically produced in litigation such as this is significant. Plaintiff has no interest in making needed material any more difficult to assemble, or more voluminous to review, than is necessary for her preparation of the case. Plaintiff is prepared in good faith to consider agreements, representations and alternatives.

Defendants' persistence in viewing discovery as bifurcated has permeated their responses. Until the day of this filing, when Defendants indicated they would provide supplemental discovery responses removing their general objection on relation-to-certification grounds, each of Defendants' discovery responses was subject to this general objection. Even with this concession, critical issues remain. Plaintiff therefore seeks an order directing Defendants to produce the documents and answers they have withheld under objections that they are not sufficiently related to certification issues. Such a ruling will allow Judge Freeman's aspirations for the case to be met by requiring Defendants to help navigate toward the provision of suitable discovery, representations, and agreements instead of standing behind a roadblock of objections that are not allowed or suitable to this case.

---

are consistent with those the parties discussed at the two meet-and-confer sessions in October 2014.

**B.     Defendants Google, Inc. ("Google") and Google Payment Corporation ("GPC")**

Plaintiff Svenson declined to provide Defendants with a draft, or even an outline, of her position in advance of the deadline for filing this motion. Defendants' position is therefore based on the status of discussions at the conclusion of the parties' October 30, 2014 meet and confer.

Svenson contends that one of the objections Defendants raised to certain of Plaintiff's discovery requests is improper (the "Dispute"), and seeks an Order requiring Defendants to answer and provide any documents they have withheld on the basis of this objection. The objection at issue is made to 36 of Plaintiff's 146 requests to each Defendant,[3] on the grounds that the 36 requests are unreasonably burdensome in light of the pre-certification status of the action. Svenson refuses to discuss the requests on an individual basis. This is the single issue on which the parties have reached an impasse, and that is before the Court now. For the reasons discussed below, Defendants do not believe this Motion is appropriately resolved by the Court at this time.

In response to each of the 36 requests where Defendants raised this objection, Defendants also asserted multiple additional objections that are not part of the Dispute, and as to which the parties have <u>not</u> met and conferred. Consequently, even if the Court were to conclude that the objection at issue is improper, the parties still would need to confer with respect to each discovery request and Defendants' other objections. The Court should deny Svenson's motion on this basis alone. Moreover, the Court should deny Svenson's Motion because Svenson has disregarded this Court's Standing Order re: Civil Discovery Disputes ("Standing Order") §§ D.ii. and iv, which requires the parties to attempt to narrow and tailor their disputes to specific discovery requests.

In addition, this Court should deny Svenson's relief requested, or at least defer its consideration, because by asserting this Dispute Svenson seeks to preempt two motions pending before Judge Freeman—a motion to dismiss the First Amended Complaint ("FAC," Dkt # 84), Dkt # 89 ("Motion to Dismiss"), and a motion to vacate the case scheduling order and stay

---

[3] Defendants asserted the objection at issue in response to Interrogatories Nos. 7 and 13-15; Requests for Production Nos. 1, 2, 4-6, 10, 17, 19, 25-26, 30-31, 34, 36, and 41-50; and Requests for Admission Nos. 39, 42-43, 45-46, 56-65, and 73. Defendants repeatedly represented to Svenson that they assert this objection only as to these 36 requests. This morning, Plaintiff's counsel advised that they would not accept Defendants' representation, but required Defendants to amend their general objections to withdraw the objection at issue. Defendants promptly did so.

discovery, Dkt. # 85 ("Motion to Stay"). Either of these motions could moot the relief Svenson now requests. Judge Freeman vacated the case scheduling order last month (Dkt # 97), the parties await a ruling on the Motion to Stay, and the Motion to Dismiss is set for hearing January 15, 2015. By submitting this Dispute, Svenson is attempting to preempt both motions.

### 1. Procedural Posture

This case was transferred to Judge Freeman on April 17, 2014. The case schedule, set before the transfer, provided different class certification and merits discovery cutoff dates. Dkt. # 57 at 2. At a May 7, 2014 Case Management Conference, *see* Dkt. # 58, Defendants requested that Judge Freeman formally bifurcate merits and class discovery in recognition of that schedule. *See* Dkt. # 62 at 4. Judge Freeman maintained separate dates for the close of class and merits discovery, but declined to order "strict" bifurcation. *See* Dkt # 69 (Transcript of Status Conference) at 9. Instead, Judge Freeman encouraged the parties to prioritize class discovery and to meet and confer to decide what discovery was essential to the certification inquiry. *Id.* at 10. On August 12, 2014, Judge Freeman granted Defendants' Motion to Dismiss the Complaint, dismissing one claim with prejudice, and expressing skepticism that the significant defects as to the remaining claims could be cured by amendment. *See, e.g.*, Dkt #83 at 8. Plaintiff then filed the FAC. Dkt. # 84. Defendants promptly moved to dismiss the FAC and filed the Motion to Stay. On October 29, 2014, Judge Freeman vacated the current case schedule, struck all case deadlines, and set a status conference for February 19, 2015. *See* Dkt. # 97.

### 2. Discovery Requests

Plaintiff's first discovery requests comprise 52 RFPs, 16 Interrogatories, and 78 RFAs, to each of the two Defendants. (Plaintiffs have since propounded 118 additional discovery requests to each Defendant, not including interrogatory subparts.) In response to 36 of the requests (72 as to both Defendants), informed by the Court's guidance that the parties should try to focus discovery on class issues, Defendants objected because the requested information did not relate to issues surrounding class certification, and is unduly burdensome as a result. In every such instance, Defendants also objected on other grounds. *See, e.g.*, Exhibit 5 (RFP No. 4) (objecting on grounds of breadth, burden, vagueness, and because the request is not reasonably calculated to

lead to discoverable information). With respect to some, Defendants objected but responded to all or part. *See, e.g.*, Exhibit 3 (Interrogatory No. 7). With respect to others, Defendants offered to produce documents in accordance with an agreed-upon search method, and Plaintiff has not responded to Defendant's proposed search terms. *See, e.g.*, Exhibit 5 (RFP No. 1). Plaintiff did not challenge Defendants' discovery responses until September 17, 2014. Plaintiff's counsel refused to confer with respect to individual requests. The justification she gave was, first, that then-impending case schedule deadlines did not afford the parties time to do so. After the case scheduling order was vacated, Plaintiff said a request-by-request discussion was "not necessary."

### 3. The Court Should Deny Plaintiff's Motion

#### a. Plaintiff's "Dispute" does not comply with the Standing Order

The Standing Order directs parties to narrow their disputes and identify the particular discovery requests that are the subject of those disputes. *See* Standing Order §§ D.ii., D.iv. This process allows the Court and the parties to clarify and analyze the objections and their bases, requires the parties to focus their discussions, and facilitates resolution of disputes before the need to escalate them to the Court. Plaintiff has ignored this process, instead leveling a blanket challenge to one of many objections raised by Defendants, while refusing to confer with respect to how that objection relates to each discovery request as to which it is raised, and whether other objections raised to each such request are justified. It is unclear whether Svenson is trying to use this Motion as a vehicle to obtain a blanket Order that Defendants must answer and provide documents in response to the discovery requests at issue, without regard to Defendants' many other objections. If Svenson is seeking this, it is clearly overreaching; Defendants' other objections to these requests include, for example, an objection to production of privileged attorney-client communications (*see, e.g.*, Exhibit 5 (RFP Nos. 1, 2, 10, 17, 25, and 34)). Even if Svenson seeks a ruling that information may not be withheld on the *sole* basis of the objection at issue, it would not meaningfully resolve any dispute. The parties still would need to address Defendants' other objections and responses, and agree upon proposed search terms, using the process required by the Standing Order. *See* Standing Order § 2. Because Svenson's discovery is so far-ranging, it is impossible to generalize as to whether withdrawal of the specific objection at

issue would make the discovery sought any more or less appropriate. The parties' attempt to resolve these remaining issues still must be framed by the particular request at issue and by the other objections asserted.

### b. Any ruling on the Dispute should await the Court's ruling on Defendants' pending motions

Courts have the authority to stay discovery when a motion to dismiss is pending, and often do so. *See Hall v. Tilton*, 2012 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) ("A district court has broad discretion to stay discovery pending the disposition of a dispositive motion."); *Fields v. Roberts*, 2013 WL 5230034, at *1 (E.D. Cal. Sept. 16, 2013) (same). Such stays are particularly appropriate where the motion to dismiss may be case-dispositive and the stay will not cause prejudice. *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Fields*, 2013 WL 5230034, at *1. Those are the circumstances facing Judge Freeman. The Motion to Dismiss is set for hearing on January 15, 2015, and seeks dismissal with prejudice of all claims. The Motion to Stay is based on the pendency of the Motion to Dismiss and the potential for this case to be terminated or the contours of discovery changed due to the Court's decision on the Motion to Dismiss. *See* Dkt. #85 at 6-9. Judge Freeman previously observed that Plaintiff's case suffers from potentially incurable defects, making the requested stay particularly appropriate. *See* Dismissal Order, Dkt. # 83, at 8, 15, 16. Accordingly, a ruling on this Dispute could be mooted by Judge Freeman's decision on the Motion to Dismiss. Even if some claims survive that Motion, her decision might affect whether certain discovery requests remain relevant or can be narrowed. That would, in turn, bear on the process in the Standing Order that requires the parties to narrow their dispute and focus on the requests as to which this Court's assistance is needed. *See* Standing Order §§ D.ii., iv.

Waiting to address the Dispute until after Judge Freeman rules on the Motion to Dismiss and Motion to Stay will avoid potentially needless expenditure of resources by the parties and the Court. It also will pose no prejudice to Plaintiff. Judge Freeman has vacated the case schedule and all associated deadlines, and set a status conference in February 2015. *See* Order Vacating Case Schedule at 2. This further supports deferring any ruling on the Dispute until Judge

Freeman rules on Defendants' motions. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000).

### 4. Defendants' Proposal to Resolve the Discovery Dispute

Defendants propose that (1) Plaintiff be required to specify the requests she believes to be at issue, and that (2) the parties be required to meet and confer to discuss Defendants' objections and responses to each such request. This will allow the parties to resolve as many differences as possible, and to present any remaining dispute in the focused manner required by the Standing Order. Defendants further propose that (3) the parties be required to do this only if and after Judge Freeman denies the pending Motion to Stay, because Judge Freeman's ruling on that Motion might moot this effort, and because even if denied, Judge Freeman's decision could help focus and guide the parties with respect to the appropriate scope of discovery and make their meet and confer efforts more productive. Because the case schedule has been vacated, Svenson will not be harmed by requiring her to confer appropriately, as there is no impending briefing deadline or discovery cutoff that might necessitate a more expedited procedure.

DATED: November 13, 2014

By: */s/* Frank Jablonski
Frank Jablonski (*Pro Hac Vice*)
Progressive Law Group, LLC

*Attorneys for Plaintiff Alice Svenson*

By: */s/* Susan D. Fahringer
Susan D. Fahringer, Bar No. 162978
Perkins Coie LLP

*Attorneys for Defendants*
*Google Inc. and Google Payment Corporation*

**CERTIFICATE OF SERVICE**

I, Elizabeth Roberson-Young, am a resident of the State of Illinois and over the age of eighteen years. My business address is 1 N. LaSalle Street, Chicago, IL 60602. On November 13, 2014, I served **DISCOVERY DISPUTE JOINT REPORT #1** to all counsel of record via ECF.

/s/ Elizabeth Roberson-Young
Elizabeth Roberson-Young