UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE, INC., et al.,<br><br>        Defendants. | Case No.   13-cv-04080-BLF<br><br>**ORDER DENYING MOTION FOR STAY OF DISCOVERY** |

In September 2014, Defendants filed a motion to vacate the scheduling order in this case and stay discovery pending disposition of Defendants' motion to dismiss the first amended complaint ("FAC"), which is scheduled for hearing on January 15, 2015. In October 2014, after the motion to vacate and stay was fully briefed, the parties submitted a stipulation and proposed order to vacate the case schedule. The stipulation indicated that the parties agreed that the case schedule, which *inter alia* established a November 26, 2014 cutoff for fact discovery related to class certification, was unworkable in light of the filing of the FAC and the pending motion to dismiss. *See* Stipulation, ECF 96. On October 29, 2014, the Court issued an order approving the parties' stipulation, vacating the case schedule, and setting a case management conference for February 19, 2015.

To the extent that Defendants still seek a stay of discovery, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop*

*Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  A district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A).  Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'"  *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants.").  Some courts in this district have applied a two-pronged test to determine whether discovery should be stayed, asking first whether a pending motion is potentially dispositive of the entire case (or at least dispositive of the issue as to which discovery is directed), and second whether the pending motion can be decided absent discovery.  *See, e.g., Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011).

Defendants have not demonstrated that Plaintiff will be unable to state a claim for relief or that the pending motion to dismiss will terminate this case.  While a substantive analysis of the motion would be premature at this time, the Court has taken a "peek" at the motion and determined that the issued presented therein are not so straightforward as to allow a prediction regarding the motion's likelihood of success.  *See Tradebay*, 278 F.R.D. at 602 ("the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted").  Accordingly, the Court in the exercise of its discretion declines to stay discovery at this time.  However, while the parties are free to go forward with discovery, the Court encourages them to take into account the pendency of the motion to dismiss and the reality that resources expended on discovery will have been wasted in the event that the motion does dispose of the case.

The motion to stay discovery is DENIED.

Dated:  November 25, 2014

/s/ Beth Labson Freeman

BETH LABSON FREEMAN
United States District Judge

2