UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware Corporation and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No.  5:13-cv-04080 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 99] |

Plaintiff Alice Svenson sues for herself and on behalf of a putative nationwide class (and subclass), alleging that defendants make unauthorized disclosures of users' information to third-party mobile application (app) developers when users purchase apps in Google Play store using Google Wallet.

The parties are proceeding with discovery, and defendants say that plaintiff has served 146 requests on each of them thus far.  In Discovery Dispute Joint Report (DDJR) No. 1, plaintiff seeks an order compelling defendants to produce discovery responsive to 36 of those requests, including various document requests, interrogatories, and requests for admission.  Defendants objected to these requests on the ground (among others) that they seek information that is beyond the scope of class certification issues.  Plaintiff argues that this objection is improper because class

and merits discovery have not been bifurcated.[1]

This court is told that, although separate cutoff dates for class and merits discovery previously were set,[2] Judge Freeman declined to order "strict bifurcation." (See Dkt. 69 at 9). So, strictly speaking, is defendants' class certification objection improper? Yes. May defendants properly withhold non-privileged relevant discovery solely on the ground that the information does not relate to class certification? No. But, in so ruling, this court declines to issue an order eliminating the possibility of any meet-and-confer between the parties about such issues because Judge Freeman did not endorse a discovery free-for-all either. Instead, noting that the case "will never get to class certification hearings if the discovery is so extensive," she suggested the parties meet-and-confer to attempt to narrow class certification discovery. (Id. at 10). Additionally, Judge Freeman has also encouraged the parties "to take into account the pendency of [defendants'] motion to dismiss and the reality that resources expended on discovery will have been wasted in the event that the motion does dispose of the case." (Dkt. 100 at 2).

Plaintiff complains that defendants have made little effort to narrow class certification discovery, saying that they reportedly have only agreed not to challenge numerosity---an agreement that plaintiff views as meaningless since she is suing on behalf of a putative nationwide class. Even so, plaintiff's insistence that she is entitled to comprehensive discovery now, whether or not the discovery pertains to the merits, coupled with her apparent refusal to discuss the requests at issue on an individual basis, does not appear to have aided the meet-and-confer process. Although plaintiff broadly asserts that several of her requests are relevant to class certification issues, cursory review of the 36 requests in question reveal that they cover wide-ranging topics, although that is not to say that the discovery may not be justified or necessary. This court's only point is that the discovery sought by plaintiff appears to be substantial; and, defendants maintain that, even if the class certification objection were withdrawn from each of these requests, the requested discovery is still inappropriate based on their other asserted

---

[1] Defendants' other asserted objections are not at issue in DDJR No. 1.

[2] The prior case management schedule has since been vacated at the parties' request.

objections. Additionally, defendants point out that they have, in fact, answered or agreed to produce discovery in response to a number of requests and that some requests require further meet-and-confer to discuss, for example, defendants' proposed search terms.

Accordingly, this court grants in part and denies in part plaintiff's motion for an order compelling discovery. To the extent defendants have withheld non-privileged, relevant discovery solely on the basis of their class certification objection, defendants shall produce that discovery within 14 days of entry of this order. However, to the extent any discovery also has been withheld on the basis of defendants' other objections, this court declines to issue a blanket order now compelling production of that discovery, without prejudice to plaintiff to renew the matter on a further DDJR following good faith meet-and-confer efforts. On any such future DDJR, plaintiff must present more than an invitation for this court to rule upon generalities. For each request, she must detail the basis for her contention that she is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied. Civ. L.R. 37-2.

**SO ORDERED**.

Dated: January 23, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-04080-BLF Notice has been electronically mailed to:

Alex Stepick , IV    alex@stepicklaw.com

Charles Christian Sipos    csipos@perkinscoie.com, docketSEA@perkinscoie.com, jrosales@perkinscoie.com

Dominique Ann Sopko    dsopko@diemerwhitman.com, ecfnotice@diemerwhitman.com

Elizabeth Roberson-Young    liza@progressivelaw.com, brea@progressivelaw.com, clerks@progressivelaw.com, courts@progressivelaw.com

Frank Jablonski    frankj@progressivelaw.com

Kathryn S. Diemer    kdiemer@diemerwhitman.com, dsopko@diemerwhitman.com, ecfnotice@diemerwhitman.com

Mark Anthony Bulgarelli    markb@progressivelaw.com, courts@progressivelaw.com, kpe@progressivelaw.com

Sunita B Bali    sbali@perkinscoie.com, docketsflit@perkinscoie.com, smerrill@perkinscoie.com

Susan D. Fahringer    sfahringer@perkinscoie.com, docketsea@perkinscoie.com, jrosales@perkinscoie.com