1  Susan D. Fahringer, Bar No. 21567
   SFahringer@perkinscoie.com
2  Charles C. Sipos, Bar No. 32825
   CSipos@perkinscoie.com
3  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
4  Seattle, WA  98101-3099
   Telephone:  206.359.8000
5  Facsimile:  206.359.9000

6  Attorneys for Defendants
   Google Inc. and Google Payment Corporation
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  ALICE SVENSON, individually and on          Case No. CV-13-04080-BLF
    behalf of all others similarly situated,
13                                              **DEFENDANTS GOOGLE INC. AND**
                          Plaintiffs,           **GOOGLE PAYMENT CORPORATION'S**
14                                              **ANSWER AND AFFIRMATIVE**
              v.                                **DEFENSES TO FIRST AMENDED**
15                                              **COMPLAINT**
    GOOGLE INC., a Delaware corporation;
16  and GOOGLE PAYMENT
    CORPORATION, a Delaware Corporation,
17
                          Defendants.
18

19        Defendants Google Inc. and Google Payment Corporation ("Defendants"), by and through

20  Perkins Coie LLP, answer Plaintiff Alice Svenson's ("Plaintiff's") First Amended Complaint

21  (Dkt. 84) ("FAC") as follows, in paragraphs numbered to correspond to the paragraph numbers

22  set forth in the FAC:

23                       **PRELIMINARY STATEMENT**

24        Defendants respond to the FAC based on the current information available to them and

25  after reasonable investigation.  Defendants reserve the right to amend this Answer and

26  Affirmative Defenses ("Answer") based on information made available through the course of

27  discovery or further investigation.

28
                                   -1-

By way of a general response, the FAC improperly mixes factual averments with legal theories so as to make admissions or denials of such averments difficult or impossible. Many of the allegations of the FAC are overly broad, vague or conclusory and include terms which are undefined, susceptible of different meanings, or unintelligible, including, but not limited to, "contract," "service," "Buyer's Contract," "Buyers' Contract," "Buyer Contract," and "packets." Moreover, numerous paragraphs in the FAC reference what Plaintiff refers to as a "Buyer's Contract," allegedly "a new and separate agreement . . . with Defendants that required Buyers to use Defendants' Google Wallet online payment service, to accept Google Wallet's then-existing terms, and to pay money to Defendants to purchase the App." *See, e.g.*, FAC Paragraph 2. Defendants deny all allegations related to Plaintiff's alleged "Buyer's Contract" and specifically deny that Plaintiff entered into any "new and separate" agreement with Defendants upon purchasing her App from YCDroid as alleged in the FAC.

Further, to the extent the FAC's allegations refer to the knowledge, conduct, or actions of a particular defendant (Google Inc. or Google Payment Corporation), the remaining defendant is generally without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies those allegations. For instance, the FAC improperly directs numerous allegations to both defendants, even though they are separate corporations and are sued as distinct and separate defendants. To the extent that the allegations in the FAC are directed to a particular defendant, no response is required of the other.

Unless specifically admitted below, therefore, Defendants deny each and every allegation, claim, and prayer for relief contained in the FAC, and specifically deny that any "Buyer's Contract" exists among Plaintiff and Defendants. Any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the averment or in the FAC as a whole.

These responses are incorporated, to the extent appropriate, into each numbered Paragraph in the Answer.

-2-

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT (CV-13-04080-BLF)
41063-0065/LEGAL125559443

## ANSWER

## FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1.      Defendants admit that Plaintiff attempts to bring this action individually and on behalf of a nationwide class and subclass of all other similarly situated individuals, as defined in Paragraph 126 of the FAC.  Defendants deny that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 1.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 2, and specifically deny that a new and separate "Buyer Contract" is created through each purchase of an App.

3.      Paragraph 3 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants respond that the terms of the Google Wallet Buyer Terms of Service, the Google Wallet Privacy Notice, and the Google Privacy Policy, speak for themselves.[1]  Except as expressly admitted, Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that electronic data may be transmitted in what is commonly referred to as "packets."  Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 5 and on that basis deny these allegations.

6.      Paragraph 6 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 6.

---

[1] All references herein to the "Google Wallet Buyer Terms of Service" refer to the October 23, 2012 version, attached to the FAC as Exhibit A.  All references herein to the "Google Wallet Privacy Notice" refer to the August 1, 2012 version, attached to the FAC as Exhibit B.  All references herein to the "Google Privacy Policy" refer to the July 27, 2012 version, attached to the FAC as Exhibit C.  Defendants expressly deny any characterization of any version of agreements or policies that are not attached as exhibits to the Complaint.

-3-

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants admit that they may receive certain individualized information from a Buyer of an App, and that the facts and circumstances and this purchase process can vary.  Defendants further respond that they have insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7 and on that basis deny these allegations.

8.      Paragraph 8 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 8, and specifically deny that Plaintiff entered into a "Buyer's Contract" with Defendants, as alleged in the FAC.  Defendants admit that a Buyer may send Defendants certain individualized information and that the facts and circumstances and this purchase process can vary.  Defendants further respond that they have insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 and on that basis deny these allegations.

9.      Paragraph 9 contains legal conclusions to which no response is required. Defendants admit that Plaintiff attempts to define the term "Packets Contents" as described in Paragraph 9.  Defendants admit that a Buyer may send Defendants certain individualized information and that the facts and circumstances and this purchase process can vary.  Except as expressly admitted, Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 9 and on that basis deny these allegations.

10.     Defendants admit that Buyers may provide Defendants with certain information upon creation of a Google Wallet account; however, the information that a Buyer provides to Google Inc. or Google Payment Corporation is a highly individualized question, and may vary depending upon the choices made by the Buyer.  Except as expressly admitted, Defendants deny the allegations in Paragraph 10.

11.     Paragraph 11 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 11.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT (CV-13-04080-BLF)
41063-0065/LEGAL125559443

12.     Paragraph 12 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 12.

13.     Paragraph 13 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 15.

### PARTIES

16.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 16 and on that basis deny these allegations.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit that Google Payment Corporation is a Delaware corporation and wholly-owned subsidiary of Google Inc., and that Google Payment Corporation and Google Inc. share a registered agent and principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  To the extent not expressly admitted, Defendants deny the allegations in Paragraph 18.

19.     Paragraph 19 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 19.

### JURISDICTION

20.     Answering Paragraph 20, Defendants deny that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 because all Plaintiff's claims arising under the laws of the United States have been dismissed.

21.     Answering Paragraph 21, Defendants admit that as alleged by Plaintiff, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A).

22.      Answering Paragraph 22, Defendants deny that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because all Plaintiff's claims arising under the laws of the United States have been dismissed.

### VENUE

23.      Answering Paragraph 23, Defendants admit that venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

24.      Defendants admit that Google Inc. provides a variety of products and services for people and businesses.  Defendants further admit that Google Payment Corporation provides Google Wallet. Except as expressly admitted, Defendants deny the allegations in Paragraph 24.

### *Google Wallet Framework*

25.      Defendants admit that Google Wallet is offered to Google Account holders and further admit that users of Google Wallet can access services as and described in the Google Wallet Buyer Terms of Service.  Defendants further admit that Google Wallet is described as "[a]n easier way to pay" on the Google Wallet website.  Except as expressly admitted, Defendants deny the allegations in Paragraph 25.

26.      Defendants deny the allegations in Paragraph 26.

27.      Defendants admit that the October 23, 2012 version of the Google Wallet Buyer Terms of Service (FAC, Ex. A) is a legal agreement governing users' access to and use of Google Wallet.  The remaining allegations in Paragraph 27 contain legal conclusions to which no response is required.  To the extent a further response is required, Defendants expressly deny that the October 23, 2012 version of the Google Wallet Buyer Terms of Service applies to all transactions during the alleged class period, and deny the remaining allegations in Paragraph 27.

28.      Answering Paragraph 28, the Google Wallet Buyer Terms of Service speaks for itself, and therefore no response is required.  To the extent a further response is required,

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT (CV-13-04080-BLF)
41063-0065/LEGAL125559443

Defendants admit that the Google Wallet Buyer Terms of Service is a legal agreement that governs some users' access to and use of Google Wallet.

29.      Defendants admit that the October 23, 2012 version of the Google Wallet Buyer Terms of Service is a legal agreement between the user, Google Inc. and Google Payment Corp. Defendants deny the remaining allegations of Paragraph 29.

30.      The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

31.      Paragraph 31 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 31.

32.      The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 32.

33.      The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 33.

34.      Paragraph 34 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 34.

35.      Paragraph 35 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 35.

36.      Paragraph 36 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 36.

37.      Paragraph 37 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 37.

38.      Paragraph 38 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 38.

39.      Paragraph 39 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 41.

42.     Paragraph 42 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 42.

43.     Paragraph 43 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 52.

53.     The content of the Google Wallet Buyer Terms of Service speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 53.

*Defendants' Privacy Obligations*

54.     The contents of the Google Wallet Buyer Terms of Service and the August 1, 2012 version of the Google Wallet Privacy Notice speak for themselves.  The remaining allegations in Paragraph 54 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55.     The content of the Google Wallet Privacy Notice speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 55.

56.     The contents of the July 27, 2012 version of the Google Privacy Policy, and the Google Wallet Privacy Notice speak for themselves.  Defendants further respond that Paragraph 56 contains legal conclusions to which no response is required and otherwise deny the allegations in Paragraph 56.

57.     The content of the Google Wallet Privacy Notice speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 57.

58.     Defendant Google Inc. admits that it offers Google Play.  Except as expressly admitted, Defendants deny the allegations in Paragraph 58.

59.     Defendants admit the allegations in Paragraph 59.

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 60.

61.     Paragraph 61 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions to which no response is required. Defendants admit that a Buyer may send Defendants certain individualized information and that the facts and circumstances and this purchase process can vary.  To the extent a further response is required, Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 66 and on that basis deny these allegations.

67.     Defendants admit that they may use certain individualized Buyer information and that the facts and circumstances and this purchase process can vary.  Except as expressly admitted, Defendants deny the allegations in Paragraph 67.

68.     Paragraph 68 contains a legal conclusion to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 68.

### *Defendants' Disregard of Privacy Obligations*

69.     Defendants admit that App Sellers who sell Apps purchased and downloaded through Google Play must have a Wallet Merchant account.  Except as expressly admitted, Defendants deny the allegations in Paragraph 69.

70.     Defendants admit that App Sellers are able to access the Google Wallet Merchant Center, through which certain account data and other information may be available.  Except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Paragraph 72 calls for legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 72.

73.     Paragraph 73 calls for legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

-10-

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. To the extent that the allegations in Paragraph 79 characterize what Buyers may or may not choose, Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 79 and on that basis deny these allegations. Defendants admit that they do not disclose email addresses to vendors providing free Apps through Google Play. To the extent not expressly admitted, Defendants deny the remaining allegations in Paragraph 79.

80. Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 80 and on that basis deny these allegations.

81. Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 81 and on that basis deny these allegations.

82. Defendants admit that Google Inc. received a letter from U.S. Representative Henry C. Johnson, Jr., dated February 21, 2013. The content of the letter speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 82.

83. Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 83 and on that basis deny these allegations.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

-11-

*Plaintiff's Experience*

87.     Defendants admit that, on May 6, 2013, Plaintiff accessed Google Play and purchased the "SMS MMS to Email" App from YCDroid.  Except as expressly admitted, Defendants deny the allegations in Paragraph 87.

88.     Defendants admit that, on May 6, 2013, Plaintiff accessed Google Play and purchased the "SMS MMS to Email" App from YCDroid for $1.77.  Defendants further admit that, prior to purchasing the "SMS MMS to Email" App from YCDroid, Plaintiff provided Defendants certain information, including her credit card number, name, street address, zip code, and state. Except as expressly admitted, Defendants deny the allegations in Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Answering Paragraph 91, Defendants admit that Plaintiff was furnished with an electronic receipt when she purchased an App from YCDroid on May 6, 2013.

92.     The content of the record attached as Exhibit D to the FAC speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 95 and on that basis deny these allegations.

96.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 96 and on that basis deny these allegations.

*The Value of Packets Contents*

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

-12-

99.     Defendants deny the allegations in Paragraph 99.

100.     Defendants admit that the language quoted in Paragraph 100 appears in the article referenced in footnote 4 of the FAC.  Except as expressly admitted, Defendants deny the allegations in Paragraph 100.

101.     Defendants admit that in December 2010, the FTC published a Preliminary Staff Report titled "Protecting Consumer Privacy in an Era of Rapid Change: A Proposed Framework For Businesses and Policymakers," the content of which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 101.

102.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 102 and on that basis deny these allegations.

103.     Defendants admit that on February 12, 2014, the MIT Technology Review published an article entitled "Sell Your Personal Data for $8 a Month," the content of which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 103.

104.     Defendants admit that the language quoted in Paragraph 104 appears in Paul M. Schwartz, *Property, Privacy, and Personal Data*, 117 Harv. L. Rev. 2055, 2056-57 (2004). Except as expressly admitted, Defendants deny the allegations in Paragraph 104.

105.     Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 107 and on that basis deny these allegations.

108.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 108 and on that basis deny these allegations.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants deny the allegations in Paragraph 110.

-13-

111.     Defendants deny the allegations in Paragraph 111.

112.     Defendants deny the allegations in Paragraph 112.

113.     Defendants admit that when registering for a Google Play Developer account, App developers pay a $25 one-time registration fee.  Except as expressly admitted, Defendants deny the allegations in Paragraph 113.

114.     Defendants admit that Sellers pay a transaction fee totaling 30% of the purchase price of Apps sold on Google Play via Google Wallet.  Except as expressly admitted, Defendants deny the allegations in Paragraph 114.

115.     Defendants deny the allegations in the first sentence of Paragraph 115, and specifically deny that the information that is at issue in this case, as defined in Paragraph 64, has any value, monetary or otherwise, to App Sellers.  Defendants have insufficient knowledge or information to admit or deny the allegations in the second and third sentences of Paragraph 115 and on that basis deny these allegations.  Defendants admit that Sellers may sell in-App products, or digital goods that are offered for sale inside an application.  Except as expressly admitted, Defendants deny the allegations in Paragraph 115.

116.     Defendants deny the allegations in Paragraph 116.

### Harm Resulting from Defendants' Conduct

117.     Defendants deny the allegations in Paragraph 117.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants deny the allegations in Paragraph 119.

120.     Paragraph 120 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 120.

121.     Paragraph 121 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 121.

122.     Defendants deny the allegations in Paragraph 122.

-14-

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

## CLASS ALLEGATIONS

126.     Defendants admit that Plaintiff attempts to bring this action individually and on behalf of nationwide class and subclass of all other similarly situated individuals, as defined in Paragraph 126. Defendants deny that any putative class or subclass is amenable to class certification or that Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23. Except as expressly admitted, Defendants deny the allegations in Paragraph 126.

127.     Defendants admit that Plaintiff attempts to bring this action individually and on behalf of nationwide class and subclass of all other similarly situated individuals, as defined in Paragraph 126 and that Plaintiff purports to exclude from this class and subclass the individuals listed in Paragraph 127.  Defendants deny that any putative class or subclass is amenable to class certification or that Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23. Except as expressly admitted, Defendants deny the allegations in Paragraph 127.

128.     Paragraph 128 contains legal conclusions to which no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 128.

129.     Paragraph 129 contains legal conclusions to which no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 129. Defendant further responds that Paragraph 129 (a), (d), and (e) relate exclusively to Plaintiff's former claims under the Stored Communications Act that have now been dismissed with prejudice and so no response is required.

130.     Paragraph 130 contains legal conclusions to which no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 130.

131.     Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 131 and on that basis deny these allegations.

-15-

132.    Paragraph 132 contains legal conclusions to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 132.

133.    Paragraph 133 contains legal conclusions to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 133.

134.    Paragraph 134 contains legal conclusions to which no response is required. To the extent that a further response is required, Defendants admit that Plaintiff raises claims under California law for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Defendants otherwise deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

**CLAIMS**

136.    To the extent a response to Paragraph 136 is required, Defendants deny the allegations therein.

**COUNT I - BREACH OF CONTRACT**

137.    Answering Paragraph 137, Defendants incorporate by reference their responses to Paragraphs 1-136, above. Defendants further deny that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

138.    Paragraph 138 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 139.

140.    Paragraph 140 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 140.

141.    Defendants deny that the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

-16-

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants admit that they may share certain items of a Buyer's contact information as set forth in the applicable privacy policies.  Except as expressly admitted, Defendants deny the allegations in Paragraph 149.

150.    Paragraph 150 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Paragraph 152 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 159.

-17-

160. Defendants deny the allegations in Paragraph 160.

**COUNT II - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

161. Answering Paragraph 161, Defendants incorporate by reference their responses to Paragraphs 1-160, above. Defendants further deny that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 162.

163. Paragraph 163 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 163.

164. Defendants deny the allegations in Paragraph 164.

165. Paragraph 165 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 165.

166. Paragraph 166 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 166.

167. Defendants have insufficient knowledge or information to admit or deny the allegations in Paragraph 167 and on that basis deny these allegations.

168. Paragraph 168 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 168.

169. Paragraph 169 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 169.

170. Paragraph 170 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171.

-18-

1

2

## COUNT III – VIOLATION OF THE

## STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701

3

4

5

172.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 172 is required.  To the extent a response is required, Defendants deny the allegations.

6

7

8

173.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 173 is required.  To the extent a response is required, Defendants deny the allegations.

9

10

11

12

174.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 174 is required.  To the extent a response is required, Defendants deny the allegations.

13

14

15

175.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 175 is required.  To the extent a response is required, Defendants deny the allegations.

16

17

18

176.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 176 is required.  To the extent a response is required, Defendants deny the allegations.

19

20

21

177.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 177 is required.  To the extent a response is required, Defendants deny the allegations.

22

23

24

25

178.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 178 is required.  To the extent a response is required, Defendants deny the allegations.

26

27

28

179.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 179 is required.  To the extent a response is required, Defendants deny the allegations.

-19-

180.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 180 is required.  To the extent a response is required, Defendants deny the allegations.

181.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 181 is required.  To the extent a response is required, Defendants deny the allegations.

182.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 182 is required.  To the extent a response is required, Defendants deny the allegations.

183.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 183 is required.  To the extent a response is required, Defendants deny the allegations.

184.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 184 is required.  To the extent a response is required, Defendants deny the allegations.

185.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 185 is required.  To the extent a response is required, Defendants deny the allegations.

186.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 186 is required.  To the extent a response is required, Defendants deny the allegations.

187.   Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 187 is required.  To the extent a response is required, Defendants deny the allegations.

**COUNT IV - VIOLATION OF THE**

**STORED COMMUNICATIONS ACT, 18 U.S.C. § 2702**

188.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 188 is required.  To the extent a response is required, Defendants deny the allegations.

189.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 189 is required.  To the extent a response is required, Defendants deny the allegations.

190.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 190 is required.  To the extent a response is required, Defendants deny the allegations.

191.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 191 is required.  To the extent a response is required, Defendants deny the allegations.

192.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 192 is required.  To the extent a response is required, Defendants deny the allegations.

193.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 193 is required.  To the extent a response is required, Defendants deny the allegations.

194.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 194 is required.  To the extent a response is required, Defendants deny the allegations.

195.    Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 195 is required.  To the extent a response is required, Defendants deny the allegations.

-21-

196.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 196 is required.  To the extent a response is required, Defendants deny the allegations.

197.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 197 is required.  To the extent a response is required, Defendants deny the allegations.

198.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 198 is required.  To the extent a response is required, Defendants deny the allegations.

199.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 199 is required.  To the extent a response is required, Defendants deny the allegations.

200.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 200 is required.  To the extent a response is required, Defendants deny the allegations.

201.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 201 is required.  To the extent a response is required, Defendants deny the allegations.

202.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 202 is required.  To the extent a response is required, Defendants deny the allegations.

203.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 203 is required.  To the extent a response is required, Defendants deny the allegations.

204.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 204 is required.  To the extent a response is required, Defendants deny the allegations.

205.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 205 is required.  To the extent a response is required, Defendants deny the allegations.

206.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 206 is required.  To the extent a response is required, Defendants deny the allegations.

207.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 207 is required.  To the extent a response is required, Defendants deny the allegations.

208.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 208 is required.  To the extent a response is required, Defendants deny the allegations.

209.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 209 is required.  To the extent a response is required, Defendants deny the allegations.

210.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 210 is required.  To the extent a response is required, Defendants deny the allegations.

211.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 211 is required.  To the extent a response is required, Defendants deny the allegations.

212.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 212 is required.  To the extent a response is required, Defendants deny the allegations.

213.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 213 is required.  To the extent a response is required, Defendants deny the allegations.

214.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 214 is required.  To the extent a response is required, Defendants deny the allegations.

215.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 215 is required.  To the extent a response is required, Defendants deny the allegations.

216.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 216 is required.  To the extent a response is required, Defendants deny the allegations.

217.     Plaintiff's causes of action under the Stored Communications Act have been dismissed with prejudice.  Accordingly, no response to the allegations in Paragraph 217 is required.  To the extent a response is required, Defendants deny the allegations.

**COUNT V: VIOLATION OF THE**

**UNFAIR COMPETITION LAW ("UCL"), CAL. BUS. & PROF. CODE § 17200**

218.     Answering Paragraph 218, Defendants incorporate by reference their responses to Paragraphs 1-217, above.  Defendants further deny that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

219.     Defendants admit that they are headquartered in Mountain View, California, and that certain of their business operations take place at the headquarters.  Except as expressly admitted, Defendants deny the allegations in Paragraph 219.

-24-

220.    The content of the Google Wallet Buyer Terms of Service speaks for itself.  To the extent a further response is required, Defendants respond that Paragraph 220 contains legal conclusions to which no response is required and otherwise deny the allegations in Paragraph 220.

221.    Paragraph 221 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 221.

### *Unlawful Conduct*

222.    Paragraph 222 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 222 and further respond that Plaintiff's claims under the Stored Communications Act have been dismissed with prejudice.

223.    Paragraph 223 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 223.

224.    Paragraph 224 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 224.

### *Unfair Conduct*

225.    Paragraph 225 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 225.

226.    Paragraph 226 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 226.

227.    Paragraph 227 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 227.

228.    Paragraph 228 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 228.

-25-

229.   Paragraph 229 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 229.

230.   Paragraph 230 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 230.

231.   Paragraph 231 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 231.

232.   Paragraph 232 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 232.

233.   Paragraph 233 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 233.

234.   Paragraph 234 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 234.

235.   Paragraph 235 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 235.

236.   Defendants admit that on February 22, 2012, Defendant Google Inc. adopted the State of California Attorney's General's Joint Statement of Principles regarding privacy protections in the mobile marketplace.  The remainder of Paragraph 236 contains legal conclusions to which no response is required.  To the extent a response is required, except as expressly admitted, Defendants deny the allegations in Paragraph 236.

237.   Defendants deny the allegations in Paragraph 237.

238.   Defendants deny the allegations in Paragraph 238.

239.   Defendants deny the allegations in Paragraph 239.

240.   Defendants deny the allegations in Paragraph 240.

241.   Paragraph 241 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 241.

-26-

242.    The first sentence of Paragraph 242 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 242.  Defendants have insufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 242 and on that basis deny these allegations.

243.    Defendants deny the allegations in Paragraph 243.

244.    Paragraph 244 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 244 and specifically deny that Plaintiff or other putative class members are entitled to any injunctive relief, restitution, "restitutionary disgorgement," monetary relief, or any other relief whatsoever.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in law, equity, or otherwise.

## JURY DEMAND

Defendants demand a jury trial as to all matters so triable.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim on which relief can be granted.

2.    Plaintiff has not alleged any injury-in-fact sufficient to confer Article III standing.

3.    Plaintiff has suffered no injury or damages as a result of the acts or omissions alleged in the FAC.

4.    Plaintiff's action cannot be maintained as a class action because all of the requirements of Federal Rule of Civil procedure 23 have not been and cannot be fulfilled.

5.    Plaintiff's claims are barred by Plaintiff's consent to the acts alleged.

6.    Plaintiff's claims are barred by Plaintiff's acquiescence.

7.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

8.    Plaintiff's claims are barred by Plaintiff's failure to allege claims subject to federal subject matter jurisdiction.

-27-

9.     Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff or the putative class were the result of intervening or superseding conduct of third parties.

10.     Plaintiff's claims are barred by Plaintiff's failure to mitigate her alleged damages.

11.     Plaintiff's claims are barred to the extent any contract alleged to have been breached is void for failure of consideration.

12.     Defendants' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff or the putative class.

13.     Plaintiff's claims are barred to the extent Plaintiff seeks restitutionary remedies from a party to whom she made no payment.

14.     Plaintiff's request for injunctive relief should be denied because, to the extent Plaintiff is entitled to any relief, Plaintiff has an adequate remedy at law.

15.     Plaintiff's request for injunctive relief is barred to the extent Plaintiff seeks injunctive relief barring conduct that is no longer occurring and is unlikely of repetition.

16.     Plaintiff's claims are barred, in whole or in part, because she would be unjustly enriched if allowed to recover any portion of the damages alleged in the FAC.

17.     Defendants reserve the right to raise further affirmative defenses upon further investigation into the facts and allegations in the FAC.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1.     That Plaintiff recover nothing by reason of her First Amended Complaint, and that judgment be rendered in favor of Defendants;

2.     That Plaintiff be denied class certification;

3.     That Defendants be awarded their costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

4.     For such other relief as the Court deems proper.

-28-

DATED:  April 23, 2015

**PERKINS COIE LLP**

By: */s/Charles C. Sipos*
    Charles C. Sipos, Bar No. 32825
    CSipos@perkinscoie.com
    Susan D. Fahringer, Bar No. 21567
    SFahringer@perkinscoie.com

Attorneys for Defendants
Google Inc. and Google Payment Corporation

-29-