Kathryn Diemer
kdiemer@diemerwhitman.com
DIEMER, WHITMAN & CARDOSI, LLP
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Tel: 408.971.6270
CA Bar No.: 133977

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE, INC., and GOOGLE PAYMENT CORP.,<br><br>*Defendants.* | Case No. 5:13-cv-04080-BLF<br><br>**DECLARATION OF RAFEY S. BALABANIAN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge: Honorable Beth Labson Freeman |

DECLARATION OF
RAFEY S. BALABANIAN                              CASE NO. 5:13-CV-04080-BLF

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted *pro hac vice* in the United States District Court for the Northern District of California. I am entering this declaration in support of Plaintiff's Unopposed Administrative Motion to File Documents in Support of Plaintiff's Motion for Class Certification under Seal Pursuant to Civil L. R. 7-11 and 79-5. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2. I am the Global Managing Partner and General Counsel of the law firm of Edelson PC, which has been retained to represent the named Plaintiff in this matter, Alice Svenson ("Svenson" or "Plaintiff").

3. In her Memorandum in Support of her Motion for Class Certification ("Memorandum"), Plaintiff Alice Svenson relies upon deposition testimony and a number of documents—attached to the supporting Declaration of Rafey S. Balabanian ("Balabanian Declaration")—produced by Defendants Google, Inc. ("Google") and Google Payment Corporation ("GPC") (together, "Defendants") in discovery and designated as "Confidential" and "Highly Confidential – Attorneys' Eyes Only," as well as her own deposition transcript and expert report which she designated as "Confidential," pursuant to the August 6, 2014 Protective Order entered in this matter ("Protective Order"). As a result, Plaintiff Svenson seeks to file those documents under seal.

4. In particular, attached to the Balabanian Declaration are the following documents:
   - Exhibit 1-3 contains excerpts from the transcript of the deposition of Google engineering director Ficus Kirkpatrick, taken in the matter of *In re Google, Inc., Privacy Policy Litigation*, No 5:12-cv-01382-PSG (N.D. Cal.). Google has designated this deposition transcript as "Highly Confidential – Attorneys' Eyes Only."
   - Exhibit 1-4 contains excerpts from the transcript of the deposition of Google project manager Ibrahim Elbouchikhi taken in this matter. Google has designated this deposition transcript as "Highly Confidential –

1                    Attorneys' Eyes Only."

2        •      Exhibit 1-5 contains excerpts from the transcript of the deposition of Google project manager Kyrk Justin Lawyer taken in this matter. Google has designated this deposition transcript as "Highly Confidential – Attorneys' Eyes Only."

6        •      Exhibit 1-6 contains excerpts from the transcript of the deposition of Google engineer director John Affaki taken in this matter. Google has designated this deposition transcript as "Confidential."

9        •      Exhibit 1-9 contains excerpts from the transcript of the deposition of Google software engineer Sri Raga Velagapudi taken in this matter. Google has designated this deposition transcript as "Highly Confidential — Attorneys' Eyes Only."

13      •      Exhibit 1-10 contains excerpts from an internal document discussing Google projects, bates labeled GOOG-00006571-6572, GOOG-00006617-6618. Google has designated these documents as "Confidential."

16      •      Exhibit 1-11 is an excerpt from an internal document discussing Google's redesigned Google Play purchase flow, bates labeled GOOG-00009091. Google has designated this document "Confidential."

19      •      Exhibit 1-12 is an excerpt from an internal document discussing various "buyflows" utilized by Google, bates labeled GOOG-00002898. Google has designated this document "Confidential."

22      •      Exhibit 1-13 is an excerpt from Defendant Google Inc.'s Third Amended Supplemental Answers to Plaintiff's Interrogatories, Set One. Exhibit 1-13 is filed partially under seal to the extent Google has designated portions of its answers "Confidential."

26      •      Exhibit 1-14 contains excerpts from the transcript of the deposition of Google product manager Mark Thomas taken in the matter of *In re Google, Inc., Privacy Policy Litigation*, No 5:12-cv-01382-PSG (N.D. Cal.). Google

1     has designated this deposition transcript as "Highly Confidential –

2     Attorneys' Eyes Only."

3 • Exhibits 1-15, 1-16, 1-31 contain images related to Plaintiff Svenson's app

4     purchase, bates labeled GOOG-00001089, GOOG-00001093, GOOG-

5     00001090–1092 respectively. The images contain, *inter alia*, Plaintiff

6     Svenson's personal email address, zip code, and order number, as well as

7     the name and address of the processing merchant. Google has designated

8     these documents "Confidential."

9 • Exhibit 1-17 is an internal email between Google employees discussing

10     Google's Merchant Center, bates labeled GOOG-00003391. Google has

11     designated this document "Confidential."

12 • Exhibit 1-18 contains internal emails regarding changes to what information

13     will be displayed to vendors, bates labeled GOOG-00008234–8235. Google

14     has designated these emails as "Confidential."

15 • Exhibit 1-19 is an internal email between Google employees regarding the

16     disclosure of customers' personal information to app developers, bates

17     labeled GOOG-00003326–3327. Google has designated this document

18     "Confidential."

19 • Exhibit 1-20 is an excerpt from internal emails between Google employees

20     discussing the Merchant Center, bates labeled GOOG-00005451. Google

21     has designated this document "Confidential."

22 • Exhibit 1-21 contains excerpts from the transcript of the deposition of

23     Google software engineer Giles Douglas taken in this matter. Google has

24     designated this deposition transcript as "Confidential."

25 • Exhibit 1-22 contains excerpts from the transcript of the Rule 30(b)(6)

26     deposition of Google product manager Mark Thomas taken in this matter.

27     Google has designated this deposition transcript as "Confidential."

28 • Exhibit 1-23 consists of internal emails between Google employees

discussing Google Wallet, bates labeled GOOG-00002260–2267. Google has designated this document "Confidential."

- Exhibit 1-24 contains excerpts from the transcript of the deposition of Google product manager Michael Siliski taken in this matter. Google has designated this deposition transcript as "Confidential."
- Exhibit 1-25 contains excerpts from the transcript of the deposition of Google software engineer Mekka Okereke taken in this matter. Google has designated this deposition transcript as "Confidential."
- Exhibit 1-26 is a series of internal communications between Google employees discussing the Checkout Merchant Center's disclosure of personal information, bates labeled GOOG-00008880–8904. Google has designated this document "Highly Confidential—Attorneys' Eyes Only."
- Exhibit 1-27 is an internal email between Google employees discussing Merchant Center, bates labeled GOOG-00003783. Google has designated this document "Confidential."
- Exhibit 1-28 is an internal email between Google employees discussing the Merchant Center, bates labeled GOOG-00006728–6729. Google has designated this document "Confidential."
- Exhibit 1-29 is an excerpt of an excel spreadsheet that provides, in relevant part, information related to the purchase limit related for certain privacy policies, bates labeled GOOG-00005126. Plaintiff believes that Google intended to designate this document "Confidential."
- Exhibit 1-30 contains an image related to Plaintiff Svenson's app purchase, bates labeled GOOG-00001392. The image contains, *inter alia*, Plaintiff Svenson's personal email address, zip code, and order number. Google has designated this document "Confidential."
- Exhibit 1-32 contains an image related to Plaintiff Svenson's app purchase, bates labeled GOOG-00001394. Google has designated the document

1         "Confidential."

2 •   Exhibit 1-33 contains an image related to Plaintiff Svenson's app purchase, bates labeled GOOG-00001190. Google has designated the document "Confidential."

5 •   Exhibit 1-35 is an excerpt from an internal Google document that relates to the Google Wallet signup process, bates labeled GOOG-00007584. Google has designated this document "Confidential."

8 •   Exhibit 1-36 is an excerpt from Defendant Google PC's Amended Supplemental Answers to Plaintiff's Interrogatories, Set One. Exhibit 1-36 is filed partially under seal to the extent Google has designated portions of its answers as "Confidential."

12 •   Exhibit 1-46 contains excerpts from the transcript of the deposition of Google employee Marlene Macek taken in this matter. Google has designated this deposition transcript as "Highly Confidential – Attorneys' Eyes Only."

16 •   Exhibit 1-47 is Plaintiff's *Corrected* Rule 26(a)(2) Expert Report of Henry Fishkind, Ph.D in Support of Class Certification, which contains information designated by Google as "Confidential" and "Highly Confidential - Attorneys' Eyes Only." The expert report is also accompanied by exhibits, regarding, *inter alia*, survey instruments and materials relied upon for its drafting, that were designated confidential by Svenson. Exhibit 1-47 is filed partially under seal to the extent information within it is designated as "Confidential" or "Confidential – Attorneys' Eyes Only".

25 •   Exhibit 1-48 contains excerpts from the transcript of the deposition of Plaintiff Alice C. Svenson taken in this matter. Plaintiff has designated this deposition transcript as "Confidential."

28 •   Exhibit 1-49 is a checkout account verification email sent to a vendor that

    sold Plaintiff Svenson an app, bates labeled GOOG-00001010. Google has designated this document "Confidential."

- Exhibit 1-50 contain emails regarding verification of a Google Merchant account for a company that sold Plaintiff Svenson an app, bates labeled GOOG-00001012. Google has designated this document "Confidential."
- Exhibit 1-51 is an internal Google document discussing Google Play, bates labeled GOOG-00005010–5028. Google has designated this document "Confidential."

5. Portions of Plaintiff's Motion also contain references to and quotations from the above exhibits, which have been marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only," by Google and/or GPC and therefore, Plaintiff has redacted from the publically filed version of the Motion where appropriate.

6. On June 2, 2016, my firm communicated with counsel for Defendants, Charles Sipos of Perkins Coie LLP, and Mr. Sipos confirmed that neither Google nor GPC opposes Plaintiff's Administrative Motion to File Documents Under Seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of June 2016 at Denver, Colorado.

                /s/ Rafey S. Balabanian