Susan D. Fahringer (CA Bar No. 162978)
SFahringer@perkinscoie.com
Charles C. Sipos (*Pro Hac Vice*)
CSipos@perkinscoie.com
Breena M. Roos (*Pro Hac Vice*)
BRoos@perkinscoie.com
Ryan T. Mrazik (*Pro Hac Vice*)
RMrazik@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile:  (206) 359-9000

Attorneys for Defendants
Google Inc. and Google Payment Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation, and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. CV-13-04080-BLF<br><br>**DECLARATION OF CHARLES C. SIPOS IN SUPPORT OF MOTION TO SEAL DEFENDANTS GOOGLE INC. AND GOOGLE PAYMENT CORPORATION'S CONFIDENTIAL INFORMATION (CIV. L. R. 79-5(d)(1)(A) AND 79-5(e))** |

Charles C. Sipos declares:

1. I am a partner with the law firm of Perkins Coie LLP and counsel for defendants Google Inc. and Google Payment Corporation ("Defendants") in the above-captioned matter. I submit this declaration pursuant to Civil Local Rules 79-5(d)(1)(A) and 79-5(e) in support of the sealing of certain confidential, sensitive, and proprietary information filed in connection with Plaintiff Alice Svenson's ("Plaintiff") Motion for and Memorandum in Support of Motion for

1  Class Certification (ECF No. 158-04), and outlined in Plaintiff's Administrative Motion to File
2  Documents in Support of Plaintiff's Motion for Class Certification Under Seal Pursuant to Civil
3  L.R. 7-11 and 79-5 (ECF No. 158).  I have personal knowledge of the facts set forth in this
4  declaration and am competent to testify to its contents.

5        2.  Pursuant to Local Rule 79-5(e)(1), Defendants submit this Declaration in support
6  of the sealing and/or redaction of: (1) the following exhibits to the Declaration of Rafey S.
7  Balabanian in Support of Plaintiff's Motion for Class Certification (ECF No. 159-1): Exhibits 1-
8  3—1-6, 1-9—1-12, 1-13 (portions only), 1-14—1-33, 1-35, 1-36 (portions only), 1-46, 1-47
9  (portions only), 1-48—1-51; and (2) portions of Plaintiff's Memorandum in Support of Motion
10 for Class Certification (ECF No. 158-04) describing and/or quoting those exhibits. Subject to the
11 discussion below, Defendants agree with Plaintiff's proposed sealing and/or redaction of the
12 above materials, and ask that the Court preserve these materials under seal.

13       3.  As is outlined in the Declaration of Rafey S. Balabanian in Support of Plaintiff's
14 Administrative Motion to Seal (ECF No. 158-01), **Exhibits 1-10—1-12, 1-17—1-20, 1-23, 1-**
15 **26—1-29, 1-35, and 1-51** represent certain of Defendants' internal documents and
16 correspondence produced by Defendants to Plaintiff in this litigation.  These exhibits contain
17 confidential, sensitive, and proprietary information regarding Defendants' business matters,
18 including Google Wallet and Google Play, which Defendants designated as "Confidential" or
19 "Highly Confidential" under the terms of the Parties' Stipulated Protective Order (ECF No. 82)
20 ("Protective Order").

21       4.  **Exhibits 1-3—1-6, 1-9, 1-14, 1-21—1-22, 1-24—1-25, 1-46** represent excerpts of
22 the deposition testimony of Defendants' employees in which these employees discussed
23 Defendants' business matters, including Google Wallet and Google Play.  This testimony
24 contains and reflects confidential, sensitive, and proprietary information regarding Defendants'
25 business matters, including Google Wallet and Google Play, which Defendants designated as
26 "Confidential" or "Highly Confidential" under the terms of the Protective Order.

27       5.  **Exhibits 1-13 and 1-36** represents excerpts of Defendants' responses to Plaintiff's
28 Interrogatories (Set One), containing confidential, sensitive, and proprietary information

1  regarding Defendants' business matters, including Google Wallet and Google Play, which
2  Defendants designated as "Confidential" under the terms of the Protective Order.

3        6.      The documents, testimony, and discovery responses listed in Paragraphs 3-5, as
4  well as the discussion and/or quotation related to these exhibits in Plaintiff's Memorandum in
5  Support of Motion for Class Certification (ECF No. 158-04) and in Plaintiff's Corrected Expert
6  Report of Henry Fishkind, Ph.D (Exhibit 1-47), reflect information that is highly confidential,
7  sensitive, and proprietary to Defendants, and that has not been publicly disclosed. Public
8  disclosure of Defendants' confidential and proprietary information would provide insight into
9  Defendants' confidential business matters, and cause it to suffer competitive harm.  The-above
10 listed materials should therefore remain confidential and not be placed in the public file.

11       7.      **Exhibits 1-15, 1-16, 1-30—1-33, 1-49, and 1-50** contain screenshots and other
12 information related to Plaintiff's app purchase, produced to Plaintiff by Defendants in this
13 litigation. Defendants designated Exhibits 1-15, 1-16, 1-30—1-33, 1-49, and 1-50 as
14 "Confidential" under the terms of the Protective Order in anticipation that Plaintiff may assert
15 that information related to her app purchase is confidential. While Defendants take no position as
16 to whether the information related to Plaintiff and her app purchase contained or reflected in
17 Exhibits 1-15, 1-16, 1-30—1-33, 1-49, and 1-50, should remain confidential, Defendants agree
18 that the Court should maintain these exhibits under seal as they reflect Defendants' confidential,
19 sensitive, and proprietary business matters, insofar as it reflects the internal systems for Google
20 Wallet and Google Play.

21       8.      **Exhibit 1-48** contains excerpts from the deposition testimony of Plaintiff taken in
22 this matter. Plaintiff designated this testimony as "Confidential" under the terms of the Parties'
23 Protective Order, in keeping with her positon that information discussed at her deposition
24 regarding her app purchase should remain confidential. Defendant does not object to the sealing
25 of this testimony.

26
27
28

DECLARATION OF CHARLES SIPOS IN SUPPORT OF MOTION TO SEAL_(Case No. 5:13-cv-04080-BLF)
41063-0065/LEGAL131374244

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct.
3  Executed this 7th day of June, 2016, at Seattle, Washington.

*/s/ Charles C. Sipos*
Charles C. Sipos

DECLARATION OF CHARLES SIPOS IN SUPPORT OF MOTION TO SEAL_(Case No. 5:13-cv-04080-BLF)
41063-0065/LEGAL131374244