UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-04080-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Re: ECF 158] |

Plaintiff has filed an administrative motion to seal in part her Memorandum in Support of Motion for Class Certification and to seal in whole or in part documents submitted in support of her motion for class certification. The motion is GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

As an initial matter, Plaintiff states that she has submitted the sealing motion to comply with the protective order entered in this case and that she does not necessarily believe that the documents in question should be sealed in light of the "compelling reasons" test set forth in *Kamakana v. City and Cnty. of Hololulu*, 447 F.3d 1172 (9th Cir. 2006). *See* Pl.'s Admin. Motion at ¶ 6, ECF 158. *Kamakana* recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 1178. Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The Court concludes that Plaintiff's motion for class certification is more than tangentially related to the merits and thus agrees with Plaintiff that the "compelling reasons" standard applies.

In addition to satisfying the "compelling reasons" test, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). Where the moving party requests sealing of documents because they have been designated confidential by another party under a protective order, the burden of articulating compelling reasons for sealing is placed on the designating party. Civ. L.R. 79-5(e). Because Plaintiff states that she moves to seal in order to comply with the protective order in this case, the burden falls to Defendants to establish compelling reasons for sealing. Defendants have submitted the declaration of their attorney, Charles C. Sipos, who articulates Defendants' reasons for sealing the documents in question. *See* Sipos Decl., ECF 160.

### A.  Documents that Plaintiff Moves to Seal in their Entirety

Plaintiff moves to seal the following documents in their entirety: Exhibits 1-3 through 1-6, 1-9 through 1-12, 1-14 through 1-33, 1-35, 1-46, and 1-48 through 1-51 to the Declaration of Rafey S. Balabanian in Support of Plaintiff's Motion for Class Certification. *See* Balabanian Decl., ECF 158-1. These documents fall into three general categories: deposition transcripts, emails, and documents containing technical and/or customer data.

Defendants' counsel, Mr. Sipos, states in his declaration that all of these documents, with the exception of Exhibit 1-48, disclose confidential, sensitive, and proprietary information regarding Defendants' business matters, including Google Wallet and Google Play. Sipos Decl. ¶¶ 3-7. He states that the information has not been publicly disclosed and that disclosure of the information would provide insight into Defendants' confidential business matters and cause it to suffer competitive harm. *Id.* ¶¶ 6-7. Plaintiff's request as to these documents is narrowly tailored. The deposition transcripts are limited to excerpts in which confidential or proprietary information is discussed. The emails discuss Defendants' internal business affairs, and the remaining documents containing technical and/or customer data. Accordingly, the motion to seal is GRANTED as to Exhibits 1-3 through 1-6, 1-9 through 1-12, 1-14 through 1-33, 1-35, 1-46, and 1-49 through 1-51 to the Declaration of Rafey S. Balabanian.

With respect to Exhibit 1-48, which is an excerpt of Plaintiff's deposition, Mr. Sipos states only that Plaintiff designated her testimony as confidential under the protective order and that Defendants do not object to the sealing of Plaintiff's testimony. Mr. Balabanian's declaration submitted in support of Plaintiff's sealing motion states only that Plaintiff has designated her deposition transcript as confidential. The fact that Plaintiff previously designated her deposition testimony as confidential is insufficient to justify sealing. The compelling reasons standard must be met even as to documents that were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179. Neither Plaintiff nor Defendants have shown the requisite compelling reasons with respect to Plaintiff's deposition testimony. The motion to seal is DENIED as to Exhibit 1-48.

### B. Documents that Plaintiff Moves to Seal in Part

Plaintiff moves to seal the following documents in part: Exhibits 1-13, 1-36, and 1-47 to the Declaration of Rafey S. Balabanian. *See* Balabanian Decl., ECF 158-1. Plaintiff also moves to seal portions of her Memorandum in Support of Motion for Class Certification. *See id.*

Before addressing the substance of these sealing requests, the Court notes that Plaintiff has not complied with this Court's Civil Local Rules, which require that the unredacted version of the document as to which sealing is sought "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(D). While Plaintiff has submitted both redacted and unredacted versions of Exhibits 1-13, 1-36, and 1-47, as well as her Memorandum, the unredacted versions do not indicate which portions of the document have been omitted from the redacted versions. For the sake of judicial efficiency, and because Plaintiff seeks redaction as to only four documents, the Court on this *one occasion* has conducted a side-by-side comparison of the redacted and unredacted versions of the documents to identify the material as to which sealing is requested. The Court will not undertake such an exercise again in this case. Any sealing request that does not comply with Civil Local Rule 79-5(d)(1)(D) will be denied without substantive review.

Exhibits 1-13 and 1-36 are Defendants' discovery responses. Exhibit 1-47 is the report of Plaintiff's expert, Dr. Henry Fishkind. Defendants' counsel, Mr. Sipos, states in his declaration that the proposed redacted portions of these documents contain confidential, sensitive, and

3

proprietary information regarding Defendants' business matters. Sipos Decl. ¶¶ 5-6. Mr. Sipos also states that the information has not been publicly disclosed and that disclosure would cause Defendants competitive harm. *Id.* ¶ 6. The proposed redactions appear to be narrowly tailored. The motion to seal is GRANTED as to the proposed redactions of Exhibits 1-13, 1-36, and 1-47 to the Declaration of Rafey S. Balabanian.

With respect to Plaintiff's Memorandum in Support of Motion for Class Certification, the proposed redactions discuss the sealable portions of the documents referenced above. The proposed redactions are narrowly tailored. Accordingly, the motion to seal is GRANTED as to the proposed redactions of Plaintiff's Memorandum in Support of Motion for Class Certification.

### C. Conclusion

Plaintiff's administrative motion to seal is GRANTED as to all documents and portions of documents identified therein, with the exception of Exhibit 1-48 to the Declaration of Rafey S. Balabanian, as to which the motion is DENIED. The Court will not consider Exhibit 1-48 unless it is filed publicly within seven days of this order. *See* Civ. L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated: June 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge