Susan D. Fahringer (CA Bar No. 162978)
SFahringer@perkinscoie.com
Charles C. Sipos (*Pro Hac Vice*)
CSipos@perkinscoie.com
Breena M. Roos (*Pro Hac Vice*)
BRoos@perkinscoie.com
Ryan T. Mrazik (*Pro Hac Vice*)
RMrazik@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile:  (206) 359-9000

Attorneys for Defendants
Google Inc. and Google Payment Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>GOOGLE INC., a Delaware Corporation, and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,<br><br>                    Defendants. | Case No. CV-13-04080-BLF<br><br>**DEFENDANTS GOOGLE INC. AND GOOGLE PAYMENT CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION (CIV. L. R. 79-5(d)(1)(A) AND 79-5(e))**<br><br>Judge:         Hon. Beth Labson Freeman |

## I.   ADMINISTRATIVE MOTION TO FILE UNDER SEAL

To the Court and to Plaintiff Alice Svenson and her counsel of record, please take notice that pursuant to Local Rules 7-11 and 79-5, Defendants Google Inc. and Google Payment Corporation ("Defendants") hereby move the Court for an order permitting Defendants to file under seal certain documents discussed below and submitted by Defendants in support of the following:

(i)   Defendants' Notice of Motion and Motion for Summary Judgment as to Plaintiff's Individuals Claims; Memorandum of Point and Authorities in Support Thereof ("Motion for Summary Judgment");

(ii)   Defendants' Notice of Motion and Motion to Exclude the Testimony of Henry Fishkind; Memorandum of Points and Authorities in Support Thereof ("Motion to Exclude"); and

(iii)   Defendants' Opposition to Plaintiff's Motion for Class Certification ("Opposition to Class Certification").

This administrative motion is based on the following Memorandum of Points and Authorities, the supporting Declaration of Breena M. Roos in Support of Motion to Seal Defendants Google Inc. and Google Payment Corporation's Confidential Information ("Roos Decl."), the concurrently filed documents in support of this motion, the Stipulated Protective Order (ECF No. 82) ("Protective Order") entered in this action, this Court's Order Granting in Part and Denying in Part Plaintiff's Administrative Motion to File Documents Under Seal (Dkt. No. 161) (the "Sealing Order"), and all pleadings and papers on file.

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

### A.   Legal Standard

In the Ninth Circuit, the public right of access to court records is not absolute and materials filed in connection with a non-dispositive motion can be sealed if the party moving for sealing establishes "good cause" outweighing that right. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).  Materials filed in connection with a dispositive motion can be sealed upon a showing of "compelling reasons." *Id.*  When publicly filing

1    information could become "a vehicle for improper purposes," compelling reasons exist to justify

2    sealing court records. *Id.* at 1179.  For example, the public right of access does not allow court

3    records to be used "as sources of business information that might harm a litigant's competitive

4    standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)

5    (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal quotation marks

6    omitted).

7        The Civil Local Rules for the Northern District of California specify that a party seeking

8    sealing must "establish[] that the document, or portions thereof, are privileged, protectable as a

9    trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b).  The sealing

10    request must "be narrowly tailored to seek sealing only of sealable material." *Id.*

11        Civil Local Rule 79-5(e) states that if a party wants to file a document or portions of a

12    document that another party has designated as confidential pursuant to a protective order, the

13    submitting party must file an administrative motion to seal and submit the applicable documents

14    under seal.  Civ. L.R. 79-5(e).  To maintain the documents under seal, within four days of the

15    administrative motion to seal's filing, the designating party must file a declaration establishing

16    that the designated material is sealable.  *Id.*  The designating party has the burden to establish that

17    the designated information is sealable.  Civ. L. R. 79-5(d); *Kamakana*, 447 F.3d at 1178-80.

18    **B.    Defendants' Administrative Motion to Seal Should be Granted**

19        Defendants have reviewed and complied with the Court's Standing Order re Civil Cases

20    and Local Rule 79-5, and request that the following documents and portions of documents be

21    filed under seal or redacted as follows:

22        **1.    Information marked confidential by Defendants**

23        Good cause, (and, in the case of materials filed in connection with Defendants' Motion for

24    Summary Judgment, compelling reasons) exist to permit Defendants to seal and/or file in

25    redacted form the materials set forth below and discussed in more detail in the Declaration of

26    Breena Roos.

27        ***First***, pursuant to Local Rule 79-5(d)(1)(A), Defendants request that Exhibits 4, 5, 13, 14,

28    15, 16, 17, 22, 23, 24, 26, 27, 28, 29, 31, 32, 33 to the Omnibus Declaration of Charles Sipos

1   ("Sipos Declaration") be sealed. *Id*. ¶¶ 2-5. These exhibits represent certain of Defendants'

2   internal documents and correspondence produced by Defendants to Plaintiff in this litigation, as

3   well as certain deposition testimony. *Id.* These exhibits contain confidential, sensitive, and

4   proprietary information regarding Defendants' business matters, including Google Wallet and

5   Google Play, which Defendants designated as "Confidential" or "Highly Confidential" under the

6   terms of the Parties' Protective Order. *Id*. ¶ 2. Public disclosure of Defendants' confidential and

7   proprietary information would provide insight into Defendants' confidential business matters and

8   cause it to suffer competitive harm. *Id.* Moreover, the Court's prior order sealing documents

9   approved sealing some exhibits filed by Plaintiff in support of her motion for class certification

10  that overlap with some of the documents at issue in this motion. *See* Order Granting in Part and

11  Denying in Part Plaintiff's Administrative Motion to File Documents Under Seal (the "Sealing

12  Order") (Dkt. No. 161) at 2; *see also* Roos Decl. ¶¶ 4-5.

13        ***Second***, Defendants request that certain portions of Exhibit 1 to the Sipos Declaration be

14  sealed, with redacted versions in the public record. Roos Decl. ¶ 6. Exhibit 1 represents excerpts

15  of Google's discovery responses. *Id.* The redacted portions contain confidential, sensitive, and

16  proprietary information regarding Defendants' business matters, including Google Wallet and

17  Google Play, which Defendants designated as "Confidential" under the terms of the Protective

18  Order. *Id.* In its prior sealing order, the Court approved sealing earlier versions of these

19  discovery responses. *See* Sealing Order at 3-4 (sealing Balabanian Decl. Exs. 1-13 and 1-36); *see*

20  *also* Roos Decl. ¶ 6.

21        ***Third***, Defendants request that certain portions of the Motion for Summary Judgment,

22  Opposition to Class Certification, and Motion to Exclude be sealed, with redacted versions in the

23  public record. Roos Decl. ¶¶ 7-8. The redactions to the Motion for Summary Judgement,

24  Opposition to Class Certification, and Motion to Exclude contain information from the report of

25  Plaintiff's expert Henry Fishkind, which the Court previously ordered sealed. *See* Sealing Order

26  at 3-4 (sealing Balabanian Decl. Ex. 1-47); Roos Decl. ¶ 8. The Opposition to Class Certification

27  also contains confidential, sensitive, and proprietary information derived from Exhibit 1,

28  discussed above. *Id*.

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL (Case No. 5:13-cv-04080-BLF)
41063-0065/LEGAL131838088

1   If revealed, the information set forth above that Defendants seek to redact and/or seal,

2   could harm Defendants' competitive standing.  *See generally* Roos Decl. ¶¶ 2, 6. Under these

3   circumstances, protecting this material from public disclosure is appropriate.  *Ctr. for Auto Safety*,

4   809 F.3d at 1097; *see also Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *3-4 (S.D. Cal.

5   May 24, 2012) (sealing deposition testimony and documents containing cost analysis relating to

6   sales, product development, and profits); *Monster, Inc. v. Dolby Labs. Licensing Corp.*, 2013 WL

7   163774, at *4 (N.D. Cal. Jan. 15, 2013) (sealing exhibits containing information about product

8   testing requirements, internal testing procedures, and product evaluation).

9   **2.    Information marked confidential by Plaintiff**

10   Pursuant to Local Rule 79-5(e), Defendants also request that Exhibit 30 and the

11   Opposition to Class Certification be sealed, with redacted versions in the public record.  *See* Roos

12   Decl. ¶ 9.  Exhibit 30 contains excerpts from the deposition testimony of Plaintiff Alice Svenson

13   taken in this matter.  *Id.*  Plaintiff designated this testimony as "Confidential" under the terms of

14   the Parties' Protective Order, but prior to this filing consented to Defendants filing these excerpts

15   publicly with Svenson's email address, username, telephone number, and city, state, and zip code

16   redacted from the public record and filed under seal.  *Id.*  The Opposition to Class Certification

17   contains references to this information as well.  *Id.* ¶ 8.

18   Accordingly, Defendants respectfully submit this administrative motion pursuant to the

19   Protective Order, the Court's Standing Order re Civil Cases, and Civil Local Rules 7-11 and 79-5,

20   and hereby notify Plaintiff of her burden to establish that the redacted information is sealable.

21   **III.    CONCLUSION**

22   For the reasons stated above, Defendants request that the Court permit the filing of the

23   foregoing materials under seal.  Pursuant to Civil Local Rule 79-5(d)(1)(B), filed with this

24   Motion is a proposed order that is narrowly tailored to seal only the sealable material contained in

25   these documents, which lists in table format each document or portion thereof sought to be sealed.

26

27

28

1

2   DATED:  July 8, 2016                    **PERKINS COIE LLP**

3                                           By:  *s/ Charles C. Sipos*

4                                                Charles C. Sipos

5                                           Attorneys for Defendants
                                            Google Inc. and Google Payment Corporation
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL (Case No. 5:13-cv-04080-BLF)
41063-0065/LEGAL131838088