# EXHIBIT 1

## Publicly Filed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CASE NO.: CV-13-04080-BLF

ALICE SVENSON, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

GOOGLE, a Delaware Corporation, and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,

Defendants.

* * * * * * * * * * * * * *

VIDEOTAPED DEPOSITION OF: Henry Fishkind, Ph.D.

DATE TAKEN: April 8, 2016

TIME: 8:38 a.m. - 4:32 p.m.

PLACE: Fishkind & Associates
12051 Corporate Boulevard
Orlando, Florida 32817

REPORTED BY: Stacey B. Walters
Notary Public

* * * * * * * * * * * * * *



A P P E A R A N C E S:

JAMES DOMINICK LARRY, ESQUIRE
Edelson, PC
350 N. LaSalle Street
Suite 1300
Chicago, Illinois 60654
312-572-7212
nlarry@edelson.com

Representing the Plaintiff

CHARLES C. SIPOS, ESQUIRE
Perkins Coie, LLP
1201 Third Avenue
Suite 4900
Seattle, Washington 98101-3099
206-359-8000
csipos@perkinscoie.com

Representing the Defendants

ALSO PRESENT:

Jeff Fleming - Videographer (a.m.)
Jake Vigliotti - Videographer (p.m.)



TABLE OF CONTENTS

HENRY FISHKIND, PH.D.: PAGE
April 8, 2016

| | PAGE |
|---|---|
| Appearances | 2 |
| Exhibits | 3 |
| Stipulations | 4 |
| Testimony of Henry Fishkind, Ph.D.: | |
| Direct Examination by Mr. Sipos | 5 |
| Cross-Examination by Mr. Larry | 231 |
| Redirect Examination by Mr. Sipos | 234 |
| Certificate of Oath | 236 |
| Certificate of Reporter | 237 |
| Deposition Errata Sheet | 238 |

E X H I B I T S

DEFENDANTS':

| No. | Description | Page |
|---|---|---|
| No. 1 | Expert Report of Henry Fishkind, Ph.D. | 6 |
| No. 2 | Objections & Responses to Subpoena | 13 |
| No. 3 | First Amended Complaint | 24 |
| No. 4 | Bates Nos. Fishkind_02042 - 02046 | 77 |
| No. 5 | Bates Nos. Fishkind_01491 - 01498 | 84 |
| No. 6 | April 5, 2016 e-mail from Guzman | 178 |
| No. 7 | April 7, 2016 letter from Hoffman | 182 |
| No. 8 | Bates Nos. Fishkind_03892 - 3894 | 184 |
| No. 9 | Bates Nos. Fishkind_03889 | 185 |



S T I P U L A T I O N S

It is hereby stipulated and agreed by and between counsel present for the respective parties and the deponent that the reading and signing of the deposition is expressly RESERVED.

(End of stipulation)

* * * * *

Reporter's key to punctuation:

-- at the end of question or answer references an interruption.

... references a trail-off by the speaker. no testimony omitted.



P R O C E E D I N G S

THE VIDEOGRAPHER: This is the deposition of Henry Fishkind, Ph.D., being taken in the matter of Svenson, et al., vs. Google, Incorporated, et al. The date is April 8, 2016. The time is 8:38 a.m.

Will counsel please introduce themselves.

MR. SIPOS: Charles Sipos on behalf of defendants, Google and Google Payment Corporation.

MR. LARRY: Nick Larry on behalf of the plaintiff and putative class.

THE VIDEOGRAPHER: And will the court reporter please swear in the witness.

THE COURT REPORTER: Do you swear or affirm the testimony you're about to give will be the truth, the whole truth, and nothing but the truth?

THE WITNESS: Yes, ma'am.

__ __ __

HENRY FISHKIND, PH.D.,

having been duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. SIPOS:

Q. Dr. Fishkind, good morning. Again, for the record, I'm Charles Sipos and we met earlier this morning. I'm going to start by marking your report as an exhibit to your deposition and ask a few questions



is heterogeneity among consumers with respect to the value they place on privacy, that different consumers value it at different levels. Would you agree with that?

A. They did find some evidence that there is some variation by age and by income. Waldman and Savage point that out, yes.

Q. And if -- if you look at Page 1496 -- and now we're talking about Butler and Glasgow --

A. Yes.

Q. -- one of the things they conclude is: "Third, there are likely to be differences across individuals and how much they value their personal information."

A. Certainly.

Q. Do you agree with that?

A. Certainly there'll be some variation across individuals, of course.

Q. And do you think that's true with respect to the putative class at issue here, that there's likely to be variation within the class as to what value they place on their privacy?

MR. LARRY: Objection, form.

A. There could be some but that's not the standard that we're judging. This is a consumer study.



The standard we're judging is a reasonable-person standard. And so could there be some variation, sure. I mean, all individuals do vary some. But will a study like mine give us a reliable metric for a -- the reasonable person? Sure, absolutely.

Q. But your study, the benefit-of-the-bargain component, did it do anything to account for the potential for variation within the putative class on how much they might value their personal information?

A. Yes, by the way in which I designed the comparisons. I didn't estimate and base my damage estimates ultimately only on the raw values of the willingness to pay, which is what we're discussing here, and how those might be somewhat variable across particular individuals, instead recognizing that that, of course, is the way the real world is. It's a -- you know, people are a little different from person to person.

If I compare the pricing for the full privacy relative to the compromised packages, then I have mitigated the effect of variation amongst and between individuals that will be in the base and that will be in the various alternatives, and so there's no reason to believe that the variation would be greater in one than the other. And so by conducting the formula the way I

qualify experts this way because they've sat through so many depositions, but just for purposes of the record, did -- did you provide -- attempt to provide for me as best possible your truthful and accurate testimony in this matter?

A. Yes.

MR. SIPOS: And with that, I'm concluded. Thank you.

THE WITNESS: May I read, please.

THE VIDEOGRAPHER: The time is 4:32 p.m. Off the record.

THE COURT REPORTER: Do you want a rough draft as well?

MR. LARRY: Yeah.

(The deposition concluded at 4:32 p.m.)

CERTIFICATE OF OATH

STATE OF FLORIDA
COUNTY OF ORANGE



I, Stacey B. Walters, hereby certify that on this 8th day of April, 2016, HENRY FISHKIND, PH.D. appeared before me and was sworn by me for the purpose of giving testimony in the matter of Svenson v. Google Inc..

WITNESS MY HAND AND OFFICIAL SEAL this 12th day of April, 2016.

STACEY B. WALTERS
Court Reporter, Notary Public,
State of Florida at Large

Commission # FF 897922
Expires: August 30, 2019

CERTIFICATE OF REPORTER

STATE OF FLORIDA
COUNTY OF ORANGE

I, STACEY B. WALTERS, Certified Shorthand reporter, certify that I was authorized to and did stenographically report the foregoing proceedings at the time and place herein designated; and that the foregoing pages 5 through 235, inclusive, constitute a true, complete and accurate transcription of my said stenotype notes.

I further certify that I am not of counsel for, related to, or employed by any party hereto or attorney involved herein, nor am I financially interested in the outcome of this action.

Witness my hand this 12th day of April, 2016.

STACEY B. WALTERS
Court Reporter



DEPOSITION ERRATA SHEET

Assignment No. JO333822

Alice Svenson

v.

Google, Inc.

DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I have read the entire transcript of my Deposition taken in the captioned matter or the same has been read to me, and the same is true and accurate, save and except for changes and/or corrections, if any, as indicated by me on the DEPOSITION ERRATA SHEET hereof, with the understanding that I offer these changes as if still under oath.

Signed on the ____ day of ______________, 20__.

___________________________________________
HENRY FISHKIND, PH.D.

