1 | Susan D. Fahringer (CA Bar No. 162978)
SFahringer@perkinscoie.com
2 | Charles C. Sipos (*Pro Hac Vice*)
CSipos@perkinscoie.com
3 | Breena M. Roos (*Pro Hac Vice*)
BRoos@perkinscoie.com
4 | Ryan T. Mrazik (*Pro Hac Vice*)
RMrazik@perkinscoie.com
5 | PERKINS COIE LLP
1201 Third Avenue, Suite 4900
6 | Seattle, WA 98101-3099
Telephone: (206) 359-8000
7 | Facsimile: (206) 359-9000

8 | Attorneys for Defendants
Google Inc. and Google Payment Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation, and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. CV-13-04080-BLF<br><br>**DEFENDANTS GOOGLE INC. AND GOOGLE PAYMENT CORPORATION'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br>Judge:   Hon. Beth Labson Freeman |

1  Defendants' Google Inc. and Google Payment Corporation ("Defendants") oppose
2  Plaintiff's Administrative Motion for Leave to File Memorandum of Law in Opposition to
3  Defendants' Motion to Exclude Expert Testimony (Dkt. No. 177) ("Motion for Leave") for the
4  following reasons.

5  1. Plaintiff's Motion for Leave asks for after-the-fact approval of an overlength 15-
6  page brief (specifically, Plaintiff's Opposition to Defendants' Motion to Exclude Expert
7  Testimony (Dkt. No. 174) ("Plaintiff's Opposition")) that Plaintiff's counsel acknowledges
8  significantly exceeds the 10-page limit in this Court's Standing Order re: Civil Cases, ¶ E.1.(b).

9  2. Plaintiff argues her overlength brief was "required to adequately address the
10  complicated legal and factual questions in Defendants' motion." Motion for Leave ¶ 3. But
11  Defendants' Motion to Exclude complied with the Standing Order's 10-page limit. *See*
12  Dkt. No. 163-6. So, the 10 pages Plaintiff was permitted should have been "adequate" to respond
13  to the 10 pages of briefing Defendants submitted. Instead, extra pages in Plaintiff's Opposition
14  were devoted to, among other things, recapitulations of Plaintiff's views regarding her damages
15  theories and prospects for class certification, rather than addressing the specific arguments in
16  Defendants' Motion to Exclude. *See* Plaintiff's Opposition at 2-4. These circumstances do not
17  justify Plaintiff's request for retroactive approval of her overlength submission. *See Cuevas v.*
18  *Hartley*, -- F.3d --, 2016 WL 4136977, at *1 (9th Cir. Aug. 4, 2016) (Kozinski, J., dissenting)
19  ("Instead of getting leave to file an oversized brief before the deadline, lawyers wait for the last
20  minute to file chubby briefs and dare us to bounce them.…This encourages disdain for our rules
21  and penalizes lawyers [] who make the effort to comply.").

22  3. The argument that extra pages were necessary is inconsistent with the concurrent
23  acknowledgment that Plaintiff's counsel was unaware of the 10-page limit and the extra pages
24  were a "mistake." Motion for Leave ¶ 2. The 15-page brief could not have been the product of
25  an informed decision that 15 pages were needed when only 10 were allowed, because counsel
26  was unaware of the Standing Order's 10-page limit in the first place.

27

28

-1-

DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE (Case No. CV-13-04080-BLF)
132295112

4.      Defendants offered Plaintiff a perfectly acceptable solution that counsel refused. At noon the first business day after Plaintiff's Opposition was filed, Defendants' counsel alerted Plaintiff's counsel that the brief was not compliant. *See* Declaration of Charles C. Sipos in Support of Defendants' Google Inc. and Google Payment Corporation's Response to Plaintiff's Administrative Motion for Leave ("Sipos Decl.") ¶ 2, Ex. A. Defendants offered for Plaintiff to file a compliant brief by 8:00 PM on Wednesday, August 3, and that Defendants would reply based on that filing. *Id*. ¶ 3. Defendants were therefore, as a matter of professional courtesy, willing to shortchange themselves several days' time to prepare their Reply brief to allow Plaintiff's counsel to fix the mistake. Plaintiff would not agree. *Id*. ¶ 3.

5.      Plaintiff's solution was for Defendants to stipulate to her (already filed) overlength brief, in exchange for Plaintiff's agreement to Defendants filing an overlength reply. *Id*. ¶ 4. But this was unacceptable to Defendants: It was a "solution" that called for *both parties* to violate the Standing Order with overlength briefs, thus compounding the instead of correcting it. *Id*. ¶ 4.

6.      Defendants intend to file a 5-page Reply in Support of Defendants' Motion to Exclude, notwithstanding Plaintiff's non-compliant Opposition. *Id*. ¶ 4. However, in light of Plaintiff's unwillingness to file a compliant brief when given the opportunity, Defendants believe it would be proper for this Court to disregard the excess pages in Plaintiff's Opposition. *See Cutlip v. Deutche Bank Nat'l Trust Co.*, 2015 WL 5438185, at 4 n.5 (N.D. Cal. Aug. 28, 2015) (Freeman, J.) (striking and declining to consider arguments made in pages of briefing that exceeded page limits).

DATED: August 8, 2016         **PERKINS COIE LLP**

By: */s/ Charles C. Sipos*
    Charles C. Sipos

Attorneys for Defendants
Google Inc. and Google Payment Corporation

-2-

DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE (Case No. CV-13-04080-BLF)
132295112