Susan D. Fahringer (CA Bar No. 162978)
SFahringer@perkinscoie.com
Charles C. Sipos (*Pro Hac Vice*)
CSipos@perkinscoie.com
Breena M. Roos (*Pro Hac Vice*)
BRoos@perkinscoie.com
Ryan T. Mrazik (*Pro Hac Vice*)
RMrazik@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile:  (206) 359-9000

Attorneys for Defendants
Google Inc. and Google Payment Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation, and GOOGLE PAYMENT CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. CV-13-04080-BLF<br><br>**DEFENDANTS GOOGLE INC. AND GOOGLE PAYMENT CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION (CIV. L. R. 79-5(d)(1)(A))**<br><br>Judge:   Hon. Beth Labson Freeman |

## I. ADMINISTRATIVE MOTION TO FILE UNDER SEAL

To the Court and to Plaintiff Alice Svenson and her counsel of record, please take notice that pursuant to Local Rules 7-11 and 79-5, Defendants Google Inc. and Google Payment Corporation ("Defendants") hereby move the Court for an order permitting Defendants to file under seal certain documents discussed below and submitted by Defendants in connection with Defendants' Reply in Support of Motion for Summary Judgment as to Plaintiff's Individuals Claims ("Summary Judgment Reply") and Reply in Support of Motion to Exclude the Testimony of Henry Fishkind ("Motion to Exclude Reply").

This administrative motion is based on the following Memorandum of Points and Authorities, the supporting Declaration of Breena M. Roos in Support of Defendants Google Inc. and Google Payment Corporation's Administrative Motion to File Under Seal Confidential Information ("Roos Decl."), the concurrently filed documents in support of this motion, the Stipulated Protective Order (ECF No. 82) ("Protective Order") entered in this action, and all pleadings and papers on file.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Legal Standard

In the Ninth Circuit, the public right of access to court records is not absolute and materials filed in connection with a non-dispositive motion can be sealed if the party moving for sealing establishes "good cause" outweighing that right. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

Materials filed in connection with a dispositive motion can be sealed upon a showing of "compelling reasons." *Id*. When publicly filing information could become "a vehicle for improper purposes," compelling reasons exist to justify sealing court records. *Id.* at 1179. For example, the public right of access does not allow court records to be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal quotation marks omitted).

-2-
DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL (Case No. 5:13-cv-04080-BLF)
LEGAL132329892

The Civil Local Rules for the Northern District of California specify that a party seeking to seal confidential information must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(b).  The sealing request must "be narrowly tailored to seek sealing only of sealable material." *Id.*

### B.     Defendants' Administrative Motion to Seal Should be Granted

Defendants have reviewed and complied with the Court's Standing Order re Civil Cases and Local Rule 79-5, and request that the Court seal **Exhibits D-F** to the Supplemental Declaration of Charles C. Sipos in Support of Defendants Google Inc. and Google Payment Corporation's (1) Reply in Support of Motion for Summary Judgement as to Plaintiff's Individual Claims and (2) Reply in Support of Motion to Exclude the Testimony of Henry Fishkind. Good cause, (and, in the case of materials filed in connection with the Summary Judgment Reply, compelling reasons) exist to permit Defendants to seal these exhibits.

*First*, Exhibits D and E are excerpts of deposition testimony of Defendants' employee Mark Thomas involving discussions of Defendants' business matters, including Google Wallet. Roos Decl. ¶ 3. This testimony contains and reflects confidential, sensitive, and proprietary information regarding Google Wallet, which Defendants designated as "Confidential" and "Highly Confidential" under the terms of the Protective Order. *Id.*

*Second*, Exhibit F represents an internal document produced by Defendants to Plaintiff in this litigation.  *Id*.  ¶ 4. This document also contains confidential, sensitive, and proprietary information regarding Google Wallet, which Defendants designated as "Confidential" under the terms of the Parties' Protective Order.  *Id*.

Public disclosure of Defendants' confidential and proprietary information reflected in Exhibits E-F would provide insight into Defendants' confidential business matters and cause it to suffer competitive harm.  *See* Roos Decl. ¶5. Under these circumstances, protecting this material from public disclosure is appropriate.  *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) (sealing deposition testimony and documents containing cost analysis relating to sales, product development, and

1 profits); *Monster, Inc. v. Dolby Labs. Licensing Corp.*, 2013 WL 163774, at *4 (N.D. Cal. Jan. 15, 2013) (sealing exhibits containing information about product testing requirements, internal testing procedures, and product evaluation).

### III.   CONCLUSION

For the reasons stated above, Defendants request that the Court permit the filing of Exhibits D-F under seal.  Pursuant to Civil Local Rule 79-5(d)(1)(B), filed with this Motion is a proposed order that is narrowly tailored to seal only the sealable material contained in these documents, which lists in table format each document or portion thereof sought to be sealed.

DATED:  August 10, 2016                              **PERKINS COIE LLP**

By: *s/ Charles C. Sipos*
Charles C. Sipos

Attorneys for Defendants
Google Inc. and Google Payment Corporation