**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALICE SVENSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE, INC., et al.,<br><br>　　　　Defendants. | Case No.  13-cv-04080-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION**<br><br>[Re:  ECF 163] |

　　　　Defendants have filed an administrative motion to seal in part their Notice of Motion and Motion for Summary Judgment as to Plaintiff's Individuals Claims; Notice of Motion and Motion to Exclude the Testimony of Henry Fishkind; Opposition to Plaintiff's Motion for Class Certification; and supporting documents attached as exhibits to the Omnibus Declaration of Charles Sipos ("Sipos Declaration").  The motion is GRANTED for the reasons set forth below.

　　　　In *Kamakana v. City and Cnty. of Hololulu*, the Ninth Circuit recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and Cnty. of Hololulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.  The Court concludes that Defendants' briefing related to their motion for summary judgment, their motion to exclude testimony, and Plaintiff's motion for class certification are more than tangentially related to the merits.  Therefore, the "compelling reasons" standard applies.

In addition to satisfying the "compelling reasons" test, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A).

### A. Documents that Defendants Move to Seal in their Entirety

Defendants move to seal the following documents in their entirety: Exhibits 4, 5, 13, 14, 15, 16, 17, 22, 23, 24, 26, 27, 28, 29, 31, 32, and 33 to the Sipos Declaration. These documents fall into three general categories: rebuttal expert reports, screenshots and other information regarding Plaintiff's app purchase, and deposition transcripts. Defendants' counsel, Breena M. Roos, states in her declaration that all of these documents disclose confidential, sensitive, and proprietary information regarding Defendants' business matters, including Google Wallet and Google Play. Roos Decl. ¶ 2, ECF 163-1. She states further that public disclosure of the documents would provide insight into Defendants' confidential business matters and cause Defendants to suffer competitive harm. *Id.* The Court concludes that Defendants' request as to these documents is narrowly tailored. The rebuttal expert reports address Defendants' confidential business matters and technical aspects of Defendants' services. The screenshots and similar documents contain technical and/or customer data. Finally, the deposition transcripts are limited to excerpts in which confidential or proprietary information is discussed.

The motion to seal is GRANTED as to Exhibits 4, 5, 13, 14, 15, 16, 17, 22, 23, 24, 26, 27, 28, 29, 31, 32, and 33 to the Sipos Declaration.

### B. Documents that Defendants Move to Seal in Part

#### 1. Defendants' Motions and Briefing

Defendants move to seal in part their Notice of Motion and Motion for Summary Judgment as to Plaintiff's Individuals Claims, Notice of Motion and Motion to Exclude the Testimony of Henry Fishkind, and Opposition to Plaintiff's Motion for Class Certification. The proposed redactions discuss the sealable documents referenced above, and are narrowly tailored.

The motion to seal is GRANTED as to the proposed redactions of these documents.

### 2. Exhibit 1 to Sipos Declaration

Defendants move to seal in part their discovery responses attached as Exhibit 1 to the Sipos Declaration. Ms. Roos states in her declaration that the redacted portions contain confidential, sensitive, and proprietary information regarding Defendants' business matters, including Google Wallet and Google Play. Roos Decl. ¶ 6. She states further that public disclosure of the documents would provide insight into Defendants' confidential business matters and cause Defendants to suffer competitive harm. *Id.* The redactions are narrowly tailored to address these concerns.

The motion to seal is GRANTED as to Exhibit 1 to the Sipos Declaration

### 3. Exhibit 30 to Sipos Declaration

Defendants move to seal in part excerpts of Plaintiff's deposition testimony, attached as Exhibit 30 to the Sipos Declaration. Ms. Roos states in her declaration that prior to Defendants' filing of the present motion to seal, Plaintiff consented to the filing of the deposition testimony publicly with redactions only as to Plaintiff's email address, username, telephone number, and city, state, and zip code. Roos Decl. ¶ 9. The proposed redactions are limited to this confidential personal information regarding Plaintiff.

The motion to seal is GRANTED as to Exhibit 30 to the Sipos Declaration.

**IT IS SO ORDERED.**

Dated: August 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge