UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04080-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED ADMINISTRATIVE MOTION TO FILE DOCUMENTS IN SUPPORT OF PLAINTIFF'S RESPONSES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT TESTIMONY UNDER SEAL**<br><br>[Re: ECF 172] |

Plaintiff has filed an administrative motion to seal with respect to her Response in Opposition to Defendants' Motion for Summary Judgment; Response in Opposition to Defendants' Motion to Exclude Expert Testimony; and supporting documents attached to the Declaration of Rafey S. Balabanian ("Balabanian Declaration"). The motion is GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The Court concludes that Plaintiff's responses to Defendants' motion for summary judgment and motion to exclude testimony are more than tangentially related to the merits. Therefore, the "compelling reasons" standard applies.

In addition to satisfying the "compelling reasons" test, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party under a protective order, the burden of establishing compelling reasons for sealing is placed on the designating party. Civ. L.R. 79-5(e).

Plaintiff moves to seal some documents that she herself has designated as confidential, as well as other documents that Defendants have designated as confidential. Plaintiff submits the declaration of her counsel, J. Dominick Larry to establish that documents she has designated as confidential are sealable, *see* Larry Decl., ECF 172-1, and Defendants submit the declaration of their counsel, Charles C. Sipos, to establish that documents they have designated as confidential are sealable, *see* Sipos Decl., ECF 176.

**A.    Documents that Defendants Assert are Sealable**

Plaintiff moves to seal the following exhibits to the Balabanian Declaration in their entirety on the basis that Defendants have designated them as confidential: Exhibits 1, 2, 4, 5, 6, 7, 8, 9, 13, 15, and 16. She also moves to seal in part Exhibit 11 to the Balabanian Declaration on the same basis.

Exhibits 1, 2, 4, 5, 6, and 7 are excerpts of deposition testimony of Defendants' employees, in which the employees discussed Defendants' confidential, sensitive, and proprietary information. Sipos Decl. ¶ 4.

Exhibits 8, 9, and 13 are Defendants' internal documents and correspondence. Mr. Sipos

states in his declaration that the internal documents and correspondence contain confidential, sensitive, and proprietary information regarding Defendants' business matters, including Google Wallet and Google Play. Sipos Decl. ¶ 3.

Exhibit 11 contains excerpts of Defendants' discovery responses. Defendants' counsel, Mr. Sipos, states in his declaration that those excerpts contain confidential, sensitive, and proprietary information regarding Defendants' business matters, including Google Wallet and Google Play. Sipos Decl. ¶ 6.

Exhibits 15 and 16 are excerpts of deposition testimony of Defendants' experts, Douglas Kidder and Dominique Hanssens, discussing aspects of the report of Plaintiff's expert, Henry Fishkind, Ph.D., which previously have been sealed by the Court.

Defendants have established compelling reasons for sealing the above documents and the request for sealing is narrowly tailored to seal only sealable material. The motion to seal is GRANTED as to Exhibits 1, 2, 4, 5, 6, 7, 8, 9, 11, 13, 15, and 16 to the Balabanian Declaration.

### B. Documents that Plaintiff Asserts are Sealable

Plaintiff moves to seal in part Exhibit 10 to the Balabanian Declaration, which contains excerpts of her deposition. She also moves to seal in its entirety Exhibit 14 to the Balabanian Declaration, which contains excerpts of the deposition testimony of Plaintiff's expert, Henry Fishkind, Ph.D.

Plaintiff's counsel, Mr. Larry, states in his declaration that Plaintiff has designated her deposition transcript as "Confidential," and that Plaintiff seeks to seal the deposition transcript "to the extent that portions of Svenson's testimony contain 'Confidential' information." Larry Decl. ¶ 4. Mr. Larry also states that Plaintiff has designated Dr. Fishkind's deposition transcript as "Confidential." *Id.* The fact that Plaintiff previously designated these deposition transcripts as "Confidential" is insufficient to justify sealing. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). The compelling reasons standard must be met even as to documents that were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179.

1   Because Plaintiff has not shown the requisite compelling reasons with respect to her own
2   deposition transcript or that of Dr. Fishkind, the sealing motion is DENIED as to Exhibits 10 and
3   14.  The Court will not consider Exhibits 10 and 14 to the Balabanian Declaration unless they are
4   filed publicly within seven days of this order.  *See* Civ. L.R. 79-5(f).

5   **IT IS SO ORDERED.**

7   Dated:  August 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge