# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-04080-BLF<br><br>**ORDER GRANTING DEFENDANT GOOGLE INC. AND GOOGLE PAYMENT CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION**<br><br>[Re:  ECF 185] |

Defendants have filed an administrative motion to seal Exhibits D, E, and F to the Supplemental Declaration of Charles C. Sipos in Support of Defendants Google Inc. and Google Payment Corporation's (1) Reply in Support of Motion for Summary Judgment as to Plaintiff's Individual Claims and (2) Reply in Support of Motion to Exclude the Testimony of Henry Fishkind.  The motion is GRANTED for the reasons discussed below.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.  The Court concludes that the documents in question, which are submitted in support of Defendants' Reply in Support of Motion for Summary

1  Judgment as to Plaintiff's Individual Claims and Reply in Support of Motion to Exclude the
2  Testimony of Henry Fishkind, are more than tangentially related to the merits. Therefore, the
3  "compelling reasons" standard applies.
4      In addition to satisfying the "compelling reasons" test, sealing motions filed in this district
5  must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party
6  moving to seal a document in whole or in part must file a declaration establishing that the
7  identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or
8  protective order that allows a party to designate certain documents as confidential is not sufficient
9  to establish that a document, or portions thereof, are sealable." *Id.*
10      Defendants submit the declaration of their counsel, Breena M. Roos, who states that
11  Exhibits D and E, which are excerpts of deposition testimony of Defendants' employees, disclose
12  information regarding Defendants' business matters, including Google Wallet. Roos Decl. ¶ 3,
13  ECF 185-1. Exhibit F is "an internal document that contains confidential, sensitive, and
14  proprietary information regarding Defendants' business matters, including Google Wallet." *Id.* ¶
15  4. Ms. Roos states that "Public disclosure of Defendants' confidential and proprietary information
16  reflected in Exhibits D-F would provide insight into Defendants' confidential business matters and
17  cause Defendants to suffer competitive harm." *Id.* ¶ 5. The Court has reviewed the exhibits in
18  question and finds that the deposition excerpts are narrowly tailored to exclude only sealable
19  matter.
20      The motion to seal is GRANTED.
21      **IT IS SO ORDERED.**

23  Dated: August 15, 2016

                                                                BETH LABSON FREEMAN
                                                                 United States District Judge