UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE SVENSON,<br><br>   Plaintiff,<br><br> v.<br><br>GOOGLE, INC., et al.,<br><br>   Defendants. | Case No. 13-cv-04080-BLF<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED ADMINISTRATIVE MOTION TO FILE DOCUMENTS IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION UNDER SEAL**<br><br>[Re: ECF 178] |

  Plaintiff has filed an administrative motion to seal portions of her Reply in Support of Motion for Class Certification, as well as Exhibits 2 and 3 attached to the Declaration of Rafey S. Balabanian in Support of Plaintiff's Reply in Support of Motion for Class Certification ("Balabanian Reply Declaration"). The motion is GRANTED for the reasons discussed below.

  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The Court concludes that Plaintiff's reply brief regarding her motion for class certification, and documents submitted in support, are more than tangentially related to the merits. Therefore, the "compelling reasons" standard applies.

  In addition to satisfying the "compelling reasons" test, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or

protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party under a protective order, the burden of establishing compelling reasons for sealing is placed on the designating party. Civ. L.R. 79-5(e).

Plaintiff moves to seal Exhibits 2 and 3 to the Balabanian Reply Declaration on the basis that Defendants designated them as confidential, and moves to seal portions of her Reply in Support of Motion for Class Certification that discuss Exhibits 2 and 3. Exhibit 2 contains excerpts of the transcript of a deposition of a Google software engineer taken in this case. Exhibit 3 contains excerpts of the transcript of a deposition of a Google Engineering Director taken in another case and produced by Defendants in this case. Defendants submit the declaration of their counsel, Breena M. Roos, who states that both exhibit contain discussions of Defendants' business matters, including Google Wallet and Google Play, and that the Court previously ordered portions of the two transcripts sealed in this case. Roos Decl. ¶ 3, ECF 183. Plaintiff proposes limited redactions to her Reply in Support of Motion for Class Certification to omit portions of the brief that discuss Exhibits 2 and 3.[1] Defendants have established compelling reasons for the requested sealing.

The motion to seal Exhibts 2 and 3 in their entirety, and the portions of Plaintiff's Reply in Support of Motion for Class Certification, is GRANTED.

**IT IS SO ORDERED.**

Dated:  August 15, 2016

*[signature]*
BETH LABSON FREEMAN
United States District Judge

---

[1] Plaintiff is reminded that the unredacted version of a document as to which partial sealing is sought "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(D). The Court drew this requirement to Plaintiff's attention when she failed to provide the required highlighting in connection with a prior motion for sealing. *See* Order Granting in Part and Denying in Part Plaintiff's Administrative Motion to File Documents Under Seal, ECF 161. Plaintiff also is reminded of the requirement that she provide courtesy copies of her filings to chambers. *See* Civ. L.R. 5-1(e)(7). Future violations of these requirements will result in the submission being stricken.