Kathryn Diemer
kdiemer@diemerwhitman.com
Diemer, Whitman & Cardosi, LLP
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Tel: 408.971.6270
CA Bar No.: 133977

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

Frank Jablonski (Admitted *Pro Hac Vice*)
frankj@progressivelaw.com
Progressive Law Group LLC
354 West Main Street
Madison, Wisconsin 53703
Tel: 608.258.8511

*Attorneys for Plaintiff and the Putative Class*

(Additional counsel on signature block)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ALICE SVENSON, individually and on behalf of all others similarly situated,<br><br>　　　　　*Plaintiff*,<br>　v.<br><br>Google Inc., and Google Payment Corp.,<br><br>　　　　　*Defendants*. | Case No. 5:13-cv-04080-BLF<br><br>**PLAINTIFF'S NOTICE AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Judge: Honorable Beth Labson Freeman |

# NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**PLEASE TAKE NOTICE** that on March 2, 2017, at 9:00 a.m., Plaintiff Alice Svenson will appear, through counsel, before the Honorable Beth Labson Freeman, or any judge sitting in her stead, in Courtroom 3, 5th Floor at the United States Courthouse for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, and will move the Court to modify its scheduling order, and for leave to file a Second Amended Class Action Complaint in this action.

This Motion is made pursuant to Federal Rules of Civil Procedure 15 and 16, and is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, all of the documents and evidence in the record, and any oral argument that may be presented to the Court.

Respectfully submitted,

**ALICE SVENSON**, individually and on behalf of all others similarly situated,

Dated: November 29, 2016        By: s/ J. Dominick Larry
                                    One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *Pro Hac Vice*)
nlarry@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Kathryn Diemer
kdiemer@diemerwhitman.com
Diemer, Whitman & Cardosi, LLP
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Tel: 408.971.6270

Frank Jablonski (Admitted *Pro Hac Vice*)
frankj@progressivelaw.com
Progressive Law Group LLC
354 West Main Street
Madison, Wisconsin 53703
Tel: 608.258.8511

Mark Bulgarelli (Admitted *Pro Hac Vice*)
markb@progressivelaw.com
Progressive Law Group LLC
140 S. Dearborn, Suite 315
Chicago, Illinois 60603
Tel: 312.787.2717

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO MODIFY SCHEDULING ORDER AND FOR
<u>LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

At the August 24, 2016 hearing on the motion for class certification filed by Plaintiff Alice Svenson and the motions for summary judgment and to exclude testimony filed by Defendants Google, Inc. and Google Payment Corp. (collectively "Defendants" or "Google"), the Court explained its concern regarding Plaintiff's claim for damages, her standing to sue, and her typicality as a representative of the class, owing to her decision to re-purchase the mobile software application ("app") at issue after filing her lawsuit. In response, Plaintiff's counsel raised the possibility of a then-absent class member joining the suit as a named plaintiff and putative class representative, should Plaintiff's claims fail to survive summary judgment or pass the typicality test for class certification. The Court recognized that potential option, noting that "if [it] rule[s] in [Defendants'] favor only on typicality, why would [it] do that . . . with prejudice?" (*See* Transcript of August 24, 2016 Hearing, Ex. 1,[1] at 83:20–23.)

Plaintiff now seeks leave to amend the scheduling order and to allow her to file a second amended complaint that conforms the class definition in the complaint to that proposed in her certification motion, and, more importantly, adds Adam Gurno as a named plaintiff and putative class representative. As anticipated by the Court during the August 24th hearing, Mr. Gurno's claims will not be subject to the same infirmities as Plaintiff Svenson's, because although he did continue to purchase apps through Defendants' platforms after this lawsuit was filed, he was unaware of Defendants' unlawful sharing at the time of the purchases. (*See* Ex. 2 at 77:17–18 (The Court noting, on the issue of whether absent class members were aware of the allegedly unlawful sharing, "I don't think we presume anybody else had that knowledge.").)

Plaintiff, her counsel, and Mr. Gurno worked diligently to bring this motion to the Court promptly. Shortly after the August 24th hearing, Plaintiff's counsel began fielding inquiries from class members interested in participating in the case as a named plaintiff and class representative. Upon being retained by Mr. Gurno, Plaintiff's counsel quickly obtained approval on a draft

---

[1]   All references herein to exhibits refer to the Exhibits to the Declaration of J. Dominick Larry, filed contemporaneously herewith.

1  proposed second amended complaint, reached out to Defendants' counsel to determine whether
2  they would oppose the filing of a second amended complaint, and prepared the instant motion for
3  filing. As explained below, because Plaintiff acted diligently in seeking to amend, and because
4  allowing the filing of the amended complaint would further the interests of justice by allowing the
5  class to proceed with proper representation, the Court should grant Plaintiff's motion, and allow
6  for the filing of the proposed Second Amended Complaint (a copy of which is attached hereto as
7  Exhibit 2).)

## BACKGROUND

9   Plaintiff Alice Svenson filed her original complaint against Defendants on September 3,
10 2013. (Dkt. 1.) Defendants moved to dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6), and
11 on August 12, 2014, the Court denied the motion to dismiss under Rule 12(b)(1), while granting it
12 under Rule 12(b)(6) with leave to amend in part. (Dkt. 83.) Plaintiff Svenson timely filed her
13 Amended Complaint on September 2, 2014, (dkt. 84), and Defendants again moved to dismiss
14 under Rules 12(b)(1) and 12(b)(6). (Dkt. 89.) The Court denied the motion in part on April 1,
15 2015, (dkt. 118), and discovery on Svenson's remaining claims commenced shortly thereafter.
16  On June 3, 2016, Svenson moved for class certification. (Dkt. 159.) Defendants filed their
17 response in opposition on July 8, 2016, and with it, a motion for summary judgment as to
18 Plaintiff's individual claims. (Dkt. 164.) In their summary judgment motion, Defendants argued
19 that Svenson was not damaged by their conduct, and that they had not in fact breached the privacy
20 obligations in their terms of service and privacy policies. (*Id.*) On August 24, 2016, the Court held
21 a hearing on Svenson's certification motion and on Defendants' motion for summary judgment.
22 (*See* Ex. 2.) At the hearing, the Court focused heavily on a point that had only been addressed
23 once in Defendants' summary judgment briefing (in a single sentence of the "factual background"
24 section): whether Svenson could state a claim for damages under a benefit-of-the-bargain theory
25 given that she purchased the app a second time after filing her lawsuit. (*See id.* at 7:20–8:3 ("And
26 my biggest concern with her is that one of the major premises of the damages theory is that these
27 privacy protections were an important part of the entire relationship between Google and the class
28 members, and I think Ms. Svenson says at one point, if I had known that my privacy wasn't going

1  to be protected, I would not have engaged in this activity, which is completely belied by her
2  activity after the case was filed in repurchasing what is, I gather, a very successful app for her
3  purchases.").

4      Repeatedly throughout the hearing, the Parties and the Court discussed the significance of
5  Svenson's re-purchase of the app, the effect of that purchase on the class's certifiability (an
6  argument not raised by Defendants in opposing class certification), and the propriety of
7  substituting in a new named plaintiff. (*See*, *e.g.*, *id.* at 45:24–46:21, 77:17–18.) Thus, recognizing
8  the potential significance of the issue to the eventual outcome of the case, immediately following
9  the hearing, Plaintiff's counsel began to investigate the propriety of adding a new plaintiff (and the
10 mechanism for doing so), and began interviewing additional individuals interested in acting as
11 named plaintiffs and putative class representatives. (Larry Decl., ¶ 3.) Over the next several
12 weeks, Plaintiff's counsel began fielding inquiries from individuals interested in adding
13 themselves to the litigation as named plaintiffs and class representatives.  (*Id.* ¶ 4.)[2] After several
14 conversations between Mr. Gurno and Plaintiff's counsel, along with the review of several
15 documents provided by him, Mr. Gurno retained Plaintiff's counsel to represent him on November
16 14, 2016. (*Id.*) That same day, Plaintiff's counsel emailed Defendants' counsel, seeking to confer
17 regarding the proposed amendment. (*Id.* ¶ 15.) Two days later, the Parties conferred regarding
18 Plaintiff's intent to seek leave to amend her complaint. (*Id.* ¶ 6.) During that call, Plaintiff's
19 counsel explained the basis for the amendment, and also proposed a discovery plan whereby
20 Defendants would not even need to serve new discovery requests as to Plaintiff Gurno in order
21 obtain relevant information; Gurno would simply deem Defendants' existing requests to Svenson
22 applied to himself in full force and voluntarily provide his responses. (*Id.*) Plaintiff's counsel also
23 offered to allow Defendants to depose Gurno at any time of its choosing. (*Id.*) Nevertheless, at the
24 conclusion of the call, Defendants' counsel informed Plaintiff's counsel that Defendants would not

---

[2] It bears repeating that unlike the plaintiffs in *CashCall, Inc. v. Superior Court*, 159 Cal. App. 4th 273, 282 (2008), Plaintiff and her counsel here did not have the benefit of a class list or discovery that would allow them to contact potential class members directly regarding the suit. Instead, Plaintiff's counsel had to respond to inquiries from class members and referring attorneys in order to identify potential new plaintiffs (including Gurno). (Larry Decl. ¶ 4.)

stipulate to the relief sought. (Larry Decl. ¶ 6.) The Parties further discussed scheduling issues over the next several days, and on November 29, 2016, Plaintiff filed the instant motion. (Larry Decl. ¶¶ 7, 9.)

## ARGUMENT

Once the deadline to add or amend pleadings has passed, "any modification must be based on a showing of good cause." *Id.* (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "The 'good cause' evaluation 'primarily considers the diligence of the party seeking the amendment.'" *Victor v. R.C. Bigelow, Inc.*, No. 13-cv-2976, 2015 WL 4104609, at *1 (N.D. Cal. July 7, 2015) (quoting *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 737)). "If the party demonstrates 'good cause,' then the party must further demonstrate that leave to amend is appropriate under Federal Rule of Civil Procedure 15." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "While leave to amend under Rule 15(a) is liberally granted, the Court still must evaluate whether there has been undue delay, bad faith, or a dilatory motive; repeated failure to cure deficiencies; prejudice to the defendant; or if the amendment would be futile." *Thomas v. San Francisco Travel Assoc.*, No. 14-cv-3043, 2016 WL 861239, at *2 (N.D. Cal. Mar. 7, 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Under these standards, the Court should allow Plaintiff's proposed amendment. Plaintiff and her counsel acted diligently to amend the complaint; the proposed amendment is rooted in the interests of justice, rather than any bad faith; Defendants will suffer no prejudice from allowing the amendment, especially in light of the fact that Mr. Gurno could otherwise institute a new action to pursue his claim; and, ultimately, the amendment is not futile, as Mr. Gurno's allegations would avoid the problems identified by the Court regarding Svenson's ability to recover damages.

**I.      Plaintiff Was Diligent in Seeking to Amend Her Complaint.**

The standard under Rule 16, and the first element of the analysis under Rule 15(a), focuses on the diligence of the moving party. *See Victor*, 2015 WL 4104609, at *1; *Thomas*, 2016 WL 861239, at *2.

Here, there can be no doubt that Plaintiff acted diligently in seeking amendment. The impetus for Plaintiff's proposed amendment was the Court's hearing on Plaintiff's motion for class certification and Defendants' motion for summary judgment. There, the Court expressed skepticism that Plaintiff could establish the damages necessary to prevail on her claim, but acknowledged that a class member coming forward to act as a named plaintiff and putative representative may not have the same problem. (Ex. 2 at 77:17–18, 83:20–23.) Thereafter, Plaintiff's counsel began fielding inquiries from putative class members interested in acting as named plaintiffs and class representatives. (Larry Decl., ¶ 4.) Plaintiff's counsel then obtained Gurno's and Plaintiff Svenson's sign-off on the proposed Second Amended Complaint on November 13, 2016, and finalized the retention agreement the next day. (*Id*. ¶ 4.) That same day, Plaintiffs' counsel then reached out to counsel for Defendant to schedule a time to meet and confer regarding the proposed amendment. (*Id*. ¶ 5.) Two days later, that discussion took place, at which point Defendants' counsel stated that Defendants would not consent to the amendment. (*Id*. ¶ 6.) The Parties conferred regarding the logistics of briefing the instant motion over the several days, and Plaintiffs filed the motion shortly after the Thanksgiving holiday. (*Id*. ¶¶ 7, 8.)

In such circumstances, the requisite good cause is easily established. The Central District's decision in *Gould v. Motel 6, Inc.*, No. 09-cv-8157, 2011 WL 759472 (C.D. Cal. Feb. 22, 2011) is instructive in this matter. There, after the deadline to amend the pleadings and several months after learning the basis for the defendant's expected challenge to the class representatives' adequacy, the plaintiffs moved for leave to add a new plaintiff to avoid those adequacy issues. *Id.* As here, the plaintiffs were not provided with contact information for the putative class members to aid in identifying potential plaintiffs. *Id.* at *3. Instead, the plaintiffs there retained a private investigator to contact potential class members. *Id.* Ultimately, the Court found that the plaintiffs had been "diligent in attempting to find additional potential class representatives," and that the proposed

amendment was proper under Rule 15(a). *See Woods v. Vector Mktg. Corp.*, No. 14-cv-264, 2015 WL 10707576, at *2 (N.D. Cal. June 5, 2015) (finding that Plaintiffs had not "unduly delayed in seeking amendment," and that good cause existed where "Plaintiffs sought leave to substitute a new named plaintiff shortly after this Court dismissed the former representative on statutes of limitation grounds.").

As in *Gould* and *Woods*, Plaintiff's diligence in seeking to file her amended complaint should satisfy the good-cause standard here. Simply put, Plaintiff and her counsel began looking for an additional plaintiff and class representative immediately after the August 24th hearing, and filed the instant motion promptly after being retained by Mr. Gurno. Accordingly, Plaintiff has shown diligence necessary to establish "good cause."

## II.  There is No Bad Faith Underlying Plaintiff's Proposed Amendment.

Defendants cannot seriously contend that Plaintiff's proposed amendment is the result of bad faith. "Bad faith or dilatory motive on the part of the movant can also justify denying leave to amend a pleading, 371 U.S. at 182[; *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)], but this factor requires an affirmative demonstration by the non-moving party." *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 386 (D. Conn. 2008). In addition to "dilatory motive," bad faith exists where a plaintiff "assert[s] new claims that he knows are baseless," *Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.*, No. 12-cv-4221, 2013 WL 3956377, at *4 (S.D.N.Y. July 26, 2013); *see also Eldridge v. Rochester City School Dist.*, 968 F. Supp. 2d 546, 554–55 (W.D.N.Y. Sept. 13, 2013), or where a plaintiff engages in forum shopping, *see Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1059–60 (N.D. Cal. 2015).

No such improper motive exists here. To start, Plaintiff is not seeking to delay the ultimate resolution of these proceedings. To the contrary, allowing amendment now will save time compared to the alternatives of waiting until after a ruling on summary judgment to add Mr. Gurno as a plaintiff, or Mr. Gurno filing a new class action in the event that summary judgment is granted against Svenson. Nor is forum shopping a concern. To the contrary, Plaintiff seeks to add Mr. Gurno's claim to this action in order to maintain continuity with the existing litigation and

1  preserve resources. Accordingly, Plaintiff's proposed amendment simply cannot be construed as
2  the product of bad faith.

3  **III.    Defendants Will Not Be Substantially Prejudiced by the Proposed Amendment.**

4  "The party opposing amendment bears the burden of showing prejudice." *DCD Programs,
5  Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "To demonstrate prejudice, the non-moving
6  party must show that it will be unfairly disadvantaged or deprived of the opportunity to present
7  facts or evidence which it could have offered had the amendment been timely." *Azarbal v. Medica
8  Center of Delaware, Inc.*, 724 F. Supp. 279, 285 (D. Del. 1989); *see also Evans Prod. Co. v. W.
9  Am. Ins. Co.*, 736 F.2d 920, 924 (3d Cir. 1984) ("The principal test for prejudice in such situations
10 is whether the opposing party was denied a fair opportunity to defend and to offer additional
11 evidence on that different theory.") (collecting cases). "Prejudice to the opposing party would
12 [also] result if they were required to conduct extensive additional discovery if the amendment
13 were allowed." *Keiter v. Penn. Mut. Ins. Co.*, 900 F. Supp. 1339, 1342 (D. Haw. 1995) (citing
14 *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

15 Here, no prejudice will result to Defendants from the proposed amendment. To start,
16 Defendants will not be deprived of the opportunity to present any facts or evidence. Rather,
17 Plaintiffs have already proposed a streamlined discovery process for exchanging information
18 related to Plaintiff Gurno, (Larry Decl., ¶ 6.) and Defendants have three months before the
19 deadline to move for summary judgment against Gurno. Nor will the amendment require
20 Defendants to conduct extensive additional discovery. *See Keiter*, 900 F. Supp. at 1342. That is,
21 under Plaintiff's proposal, Defendants will only have to engage in limited discovery relating to
22 Plaintiff's experience, while relying on the existing discovery to provide the vast majority of the
23 relevant facts. On the other hand, if the motion to amend is denied, and if Defendant's motion for
24 summary judgment as to Plaintiff Svenson is granted, Gurno will be forced to file an entirely new
25 lawsuit, which will surely cause more of a burden than the streamlined discovery proposed by
26 Plaintiff's counsel here.

27
28

Because Plaintiff's proposed amendment will neither deprive Defendants of the opportunity to present their defenses nor result in increased discovery, the motion for leave to amend should be granted.

**IV.    The Proposed Amendment is Not Futile.**

Finally, the proposed amendment should be allowed because it is not futile. While challenges to pleadings "are usually deferred until after the pleading has been granted," some amendments may be futile where "'no set of facts can be proved under the amendment that would constitute a valid claim or defense.'" *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Thus, for example, an amendment may be futile where a plaintiff lacks standing to bring a newly added allegation, or where a new claim is time-barred by an applicable statute of limitations. *See*, *e.g.*, *McGlamry v. Transmeta Corp.*, No. 04-cv-2475, 2005 WL 2216951, at *3 (N.D. Cal. July 25, 2005) (citing *Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985)).

No such circumstances exist here. Simply put, the proposed second amended complaint is comprised of the same causes of action as the prior complaint, and generally only serves to (i) add factual allegations specific to proposed-plaintiff Gurno, and (ii) conform the class definition to that contained in Plaintiff Svenson's motion for class certification. Furthermore, every count in the proposed second amended complaint (along with the allegations concerning Mr. Gurno) still concerns and challenges Defendants' compliance with their terms of service and privacy policies. As such, there is no question that the allegations of the proposed Second Amended Complaint "relate back" to the filing of the original complaint, for purposes of Rule 15(c). *See* Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set-out—or attempted to be set out—in the original pleading.").[3]

---

[3]    To the extent Defendants argue that the amendment is futile because Mr. Gurno's claims fail for the reasons outlined in Defendants' motion for summary judgment, that simply proves the lack of prejudice to Defendants from allowing amendment. *See Stuart v. Radioshack Corp.*, No. 07-cv-4499, 2009 WL 281941, at *3 (N.D. Cal. Feb. 5, 2009) ("[I]t is likely that RadioShack would make the same arguments in opposition to the motion for class certification even if the class

## **CONCLUSION**

Accordingly, Plaintiff Alice Svenson respectfully requests that the Court enter an order (1) modifying the scheduling order to extend the deadline for amending pleadings and adding parties, (2) granting Plaintiff leave to file her proposed Second Amended Complaint, and (3) granting such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**ALICE SVENSON**, individually and on behalf of all others similarly situated,

Dated: November 29, 2016

By: s/ J. Dominick Larry
One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *Pro Hac Vice*)
nlarry@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Kathryn Diemer
kdiemer@diemerwhitman.com
Diemer, Whitman & Cardosi, LLP
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Tel: 408.971.6270

Frank Jablonski (Admitted *Pro Hac Vice*)
frankj@progressivelaw.com
Progressive Law Group LLC
354 West Main Street
Madison, Wisconsin 53703

---

definition were expanded. RadioShack admits as much when it contends that the proposed amendment is futile for the very reasons argued in its opposition to the motion for class certification.").

```
                              Tel: 608.258.8511

                              Mark Bulgarelli (Admitted *Pro Hac Vice*)
                              markb@progressivelaw.com
                              Progressive Law Group LLC
                              140 S. Dearborn, Suite 315
                              Chicago, Illinois 60603
                              Tel: 312.787.2717
```

**CERTIFICATE OF SERVICE**

    I, J. Dominick Larry, an attorney, hereby certify that on November 29, 2016, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                    By: s/ J. Dominick Larry